Bruce Jeffrey **WECHSLER**, Petitioner,

v.

The **PEOPLE** of the State of Colorado, Respondent.

No. GC98A–84.

Office of the Presiding Disciplinary Judge of the Supreme Court of Colorado.

March 25, 1999.

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER REINSTATING BRUCE JEFFREY WECHSLER'S LICENSE TO PRACTICE LAW**

This reinstatement matter was heard on March 23, 1999, pursuant to C.R.C.P. 251.29(b) and (c) before the presiding disciplinary judge and two hearing board members, Maureen A. Cain and John B. Mosby, both members of the Bar. Gregory G. Sapakoff, Assistant Regulation Counsel represented the People ("Complainant") and Gary M. Jackson represented Bruce Jeffrey Wechsler ("Wechsler") attorney registration no. 12969. On behalf of respondent, Bruce Jeffrey Wechsler gave testimony and offered Exhibit A into evidence. Exhibit A was admitted into evidence.

## I. FINDINGS OF FACT

The hearing board makes the following findings of fact by clear and convincing evidence.

On July 14, 1993 Wechsler was suspended from the practice of law by the Colorado supreme court. *People v. Wechsler,* 854 P.2d 217 (Colo.1993). Wechsler gave notice of his suspension by certified mail to his clients, opposing counsel, all courts in which he had pending cases and all courts before which he was entitled to practice law in conformity with C.R.C.P. 241.21. Wechsler submitted an Affidavit of Compliance With C.R.C.P. 241.21 and Order of Supreme Court to the clerk of the Colorado supreme court on July 16, 1993 in accordance with C.R.C.P. 241.21. Although Wechsler paid costs of $1,282.54 after the sum was overdue, he did in fact pay the sum required and obtained one extension of time within which to pay the costs assessment. The hearing board finds that Wechsler substantially complied with the costs assessment provision of the supreme court's Order. Wechsler maintained the necessary records as required by C.R.C.P. 241.21(g). Wechsler's Verified Petition for Reinstatement was filed within five years of the date of his suspension. Wechsler, apart from the instant suspension, has no prior disciplinary record.

During the period of suspension from the practice of law, Wechsler tested for and received a Real Estate Salesperson license and a Real Estate Associate Broker license. Wechsler attended and satisfactorily completed several real estate licensing courses. Wechsler has worked in the field of real estate sales for more than four years without any complaints being filed against him. During the period of suspension, Wechsler has

not been arrested for or convicted of any crime, has had no civil judgments entered against him, is not in arrears on child support payments, has had no tax liens or judgments entered against him and, apart from a dissolution of marriage proceeding, has not been a party in any action, civil or criminal.

Wechsler, since the entry of suspension, has become active in community and volunteer organizations, including the National Sport Center for the Disabled at Winter Park and Omniform. He has changed his lifestyle, is in much better general health, has taken a greater interest in his children and reevaluated the circumstances which led to his suspension. Wechsler both expressed and evidenced remorse for the events which lead to his suspension, recognized the shortcomings in his prior practice of law and intends to implement safeguards in his future practice which will prevent a recurrence of his earlier misconduct.

Wechsler has completed fifty-five general and twelve ethics hours of Continuing Legal Education course work in the last nine months, has studied real estate law issues and completed a twenty-four hour course on Colorado Law and Contracts required for his real estate licensure during the period of suspension.

## II  CONCLUSIONS OF LAW

■ Wechsler is subject to the jurisdiction of the Colorado supreme court and its hearing board pursuant to C.R.C.P. 251.1(b).

C.R.C.P. 251.29(b) provides, in part:

An attorney who has been suspended for a period longer than one year must file a petition with the Presiding Disciplinary Judge for reinstatement and must prove by clear and convincing evidence that the attorney has been rehabilitated, has complied with all applicable disciplinary orders and with all provisions of this chapter, and is fit to practice law.

■ Consideration of the issue of rehabilitation requires the hearing board to consider numerous factors bearing on the petitioner's state of mind and ability, including character, conduct since the imposition of the original discipline, professional competence, candor and sincerity, present business pursuits, personal and community service, and the petitioner's recognition of the seriousness of his previous misconduct. *People v. Klein,* 756 P.2d 1013, 1016 (Colo.1988). The facts presented at the hearing on this matter establish that Wechsler has been rehabilitated, has complied with all applicable disciplinary Orders and provisions of the disciplinary rules, and is fit to practice law.

The hearing board is required to protect the public interest in allowing Wechsler to resume the practice of law. *See* C.R.C.P. 251.29(e). In accordance with that responsibility, the hearing board imposes the following conditions upon Wechsler as express conditions of his resumption of the practice of law:

1.  Wechsler shall, within twelve months of the date of this Order, and at his own expense, attend and satisfactorily complete the one day ethics course sponsored by the Office of Attorney Regulation Counsel.

2.  Wechsler shall secure the services of an attorney licensed to practice law in the State of Colorado who has been so practicing for five years, to serve as an attorney monitor. Wechsler shall be solely responsible for any and all costs associated with the costs of such monitoring. The attorney monitor shall meet with Wechsler on a weekly basis for the first three months of the monitoring period and shall discuss and review with Wechsler all aspects of his return to the practice of law. For the remaining one year and nine months of the monitoring period, Wechsler and the monitor shall meet as frequently as necessary in the sole judgment of the monitor. During the first year of monitoring, the monitor shall submit quarterly written reports to the Office of Attorney Regulation Counsel. Thereafter, and for the remainder of the monitoring period, reports will be submitted at six month intervals.

3.  For a period of two years from the date of this Order, Wechsler must maintain his law practice in an office environment including full time staff

personnel, adequate legal resource materials, and other practicing lawyers, and shall structure his law practice so as to engaged in frequent and meaningful exchange with the lawyers with whom he works.

4. Wechsler shall have no further disciplinary Complaints filed against him for two years. Should a disciplinary Complaint be filed against Wechsler during the pendency of these conditions, this Order of reinstatement shall be forthwith revoked upon application by the Office of Attorney Regulation Counsel.

5. Wechsler shall pay, within sixty days of the date of this Order, all costs incurred in the investigation and trial of this reinstatement matter. Regulation Counsel shall file with the Presiding Disciplinary Judge an itemization of the costs and expenses attributable to the investigation and trial of this matter within ten days of the date of this Order. Wechsler shall have five days thereafter to file a Response to the itemization.

Upon these conditions, Brian Jeffrey Wechsler's license to practice law is REINSTATED effective this 25th day of March, 1999.