**Michael A. VARALLO, Petitioner,**

v.

**The PEOPLE of the State of Colorado, Respondent.**

**No. 99PDJ071.**

Office of the Presiding Disciplinary Judge of the Supreme Court of Colorado.

Sept. 22, 1999.

Opinion issued by Presiding Disciplinary Judge ROGER L. KEITHLEY and Hearing Board Members RALPH G. TORRES and LORRAINE E. PARKER.

## OPINION AND ORDER READMITTING MICHAEL A. VARALLO TO THE PRACTICE OF LAW

**ATTORNEY READMITTED TO THE PRACTICE OF LAW**

On July 23, 1999, a readmission hearing was held pursuant to C.R.C.P. 251.29(a) be-

fore the Presiding Disciplinary Judge ("PDJ") and two Hearing Board members, Ralph G. Torres and Lorraine E. Parker, both members of the Bar. George S. Meyer represented Michael A. Varallo ("Varallo"), former attorney registration no. 00417. James C. Coyle, Assistant Attorney Regulation Counsel, represented the People of the State of Colorado (the "People"). The following witnesses testified on behalf of Varallo: Robert E. Ray, Stanley C. Peek, Tambor Williams, and Michael A. Varallo. Varallo submitted Exhibits 1 through 12, which were admitted into evidence. On June 21, 1999 the parties entered into and filed a Stipulation and Request for Recommendation regarding respondent's payment of costs in full.

## I. FINDINGS OF FACT

The PDJ and Hearing Board considered the testimony and exhibits admitted, the Stipulation and Request for Recommendation, assessed the credibility of the witnesses, and made the following findings of fact which were established by clear and convincing evidence:

On February 12, 1996, Varallo was disbarred from the practice of law by the Colorado Supreme Court.[1] *See People v. Varallo,* 913 P.2d 1 (Colo.1996). The disbarment operated retroactively to May 22, 1993, the effective date of Varallo's prior immediate suspension. *Id.* at 12. By order dated November 25, 1998, the Colorado Supreme Court terminated Varallo's disbarment effective December 31, 1998. The order permitted Varallo to seek readmission to the Bar of the State of Colorado on or after January 1, 1999.

Pursuant to C.R.C.P. 241.21 Varallo was required to notify his clients and opposing counsel of the order of disbarment. Varallo did not provide notice because, at the time the order of disbarment issued, he no longer represented clients. Varallo filed a Verified Petition for Readmission with the PDJ on May 18, 1999, and tendered the $500.00 cost

---

1. Varallo had been placed on immediate suspension by Order of the Colorado Supreme Court

dated May 22, 1993 as a result of the conduct which eventually resulted in his disbarment.

deposit for the readmission proceedings. He further complied with C.R.C.P. 251.29(a) by sitting for and passing the February 1999 Colorado Bar Examination and the March 1999 Multistate Professional Responsibility Examination.

The parties stipulated during the course of the readmission proceedings that Varallo fully complied with the requirements set forth in C.R.C.P. 241.21 following disbarment.[2] Pursuant to the order of disbarment, Varallo was ordered to pay $2,995.46 in costs within ninety days of the issuance of the order. The order also required that he pay restitution to Thomas H. Pierce in the amount of $796.30, plus interest at the legal rate from January 12, 1993, as a condition of readmission. *Varallo* 913 P.2d at 12.

Although Varallo paid the required restitution to Mr. Pierce prior to the readmission hearing, Varallo did not pay the $2,995.46 cost assessment in accord with the Supreme Court's original order. Varallo appealed the original order of disbarment to the United States Supreme Court and obtained additional time to pay the cost assessment from the Colorado Supreme Court until such time as the United States Supreme Court ruled. The United States Supreme Court declined to review the disbarment order, and Varallo instituted other litigation challenging the order of disbarment. Varallo was under the misapprehension that the institution of the other litigation extended the time within which he could satisfy the cost assessment. Upon recognizing his erroneous understanding, Varallo sought an additional extension of time to pay the costs assessment. In December 1998, The Colorado Supreme Court declined to allow additional time for payment of the cost award and directed that the issue of whether Varallo had complied with Colorado Supreme Court's prior order be decided by the PDJ and Hearing Board in the course of the readmission proceedings.

Although a difficult and humbling decision, Varallo decided to continue in the legal profession as a paralegal, following his disbarment. From 1993 through 1995 he worked with a law firm in his home town under the supervision of other lawyers. From 1995 to the present, Varallo has worked as a paralegal on an independent contractor basis, always being supervised by a lawyer. His duties and responsibilities included investigating disputes, legal research, drafting pleadings and participating in client interviews with his supervising attorney. Throughout the period of his disbarment, Varallo has continued to attend seminars on the law and ethics, has remained current on legal developments and was an active participant in the public deliberations surrounding the creation of the current attorney regulation system.

Varallo's disbarment was based on financial issues. Varallo's experiences during the period of his disbarment firmly established the necessity of conducting the finances of a law practice with the utmost attention to ethical considerations. He identified several practices followed by his supervising attorney which he intends to implement in order to prevent any possibility of a recurrence of his earlier misconduct.

The period of disbarment worked a significant financial hardship on Varallo and his family. At the end of 1997, when Varallo sought an extension of time within which to pay the costs assessment from the Colorado Supreme Court, he had exhausted virtually all of his assets, had two sons in higher education whose financial needs could not be satisfied, was heavily in debt, and could not meet current financial obligations. Varallo's home is currently in foreclosure and he has declared bankruptcy. No evidence was presented at the readmission hearing to suggest that Varallo had the ability to pay the cost assessment between late 1997 when he realized his misunderstanding of the date of the costs assessment and the filing of his Petition for Readmission.

Shortly before the readmission hearing, Varallo's supervising attorney was sufficiently impressed with Varallo's rehabilitation and desire to rejoin the bar that he agreed to loan sufficient funds to Varallo to pay badly needed family expenses and the outstanding cost assessment. On June 10, 1999, prior to the readmission hearing, Varallo paid the full

2. C.R.C.P. 241.21 was replaced by C.R.C.P. 251.28, effective January 1, 1999.

cost assessment of $2,995.46, plus interest accruing from October, 1996, less credit for a previous $100 payment, for a total of $3,534.49.

## II.   CONCLUSIONS OF LAW

Michael A. Varallo is subject to the jurisdiction of this court pursuant to C.R.C.P. 251.1(b).

C.R.C.P. 251.29(a) provides:

**Readmission After Disbarment.** A disbarred attorney may not apply for readmission until at least eight years after the effective date of the order of disbarment. To be eligible for readmission the attorney must demonstrate the attorney's fitness to practice law and professional competence, and must successfully complete the written examination for admission to the Bar. The attorney must file a petition for readmission, properly verified, with the Presiding Disciplinary Judge, and furnish a copy to Regulation Counsel. Thereafter, the petition shall be heard in procedures identical to those outlined by these rules governing hearings of complaints, except it is the attorney who must demonstrate by clear and convincing evidence the attorney's rehabilitation and full compliance with all applicable disciplinary orders and with all provisions of this Chapter. A Hearing Board shall consider every petition for readmission and shall enter an order granting or denying readmission.

■ Consideration of the issue of rehabilitation requires the PDJ and Hearing Board to consider numerous factors bearing on the petitioner's state of mind and professional ability, including character, conduct since the imposition of the original discipline, professional competence, candor and sincerity, present business pursuits, personal and community service, and the petitioner's recognition of the seriousness of his previous misconduct. *People v. Klein,* 756 P.2d 1013, 1016 (Colo.1988).

■ Under the factors set forth in *Klein,* 756 P.2d at 1016, the PDJ and Hearing Board found that Varallo established by clear and convincing evidence that he is rehabilitated, he demonstrated that he possesses the requisite ability and professional competence to practice law, and that he is current in the law. Further, the evidence established that Varallo satisfied the requirements of the applicable rules at the time of his disbarment and since that time has conducted himself in a manner which comports with the requirements of the legal profession. Varallo was candid and sincere during the readmission proceedings and demonstrated that he recognizes the seriousness of his past conduct, expressed remorse and has definitive plans in place to prevent a recurrence of the prior misconduct.

■ C.R.C.P. 251.29(a) requires, however, that the PDJ and Hearing Board find that the petitioner demonstrate "full compliance with all applicable disciplinary orders." The original order of disbarment required Varallo to pay the costs expended in the disciplinary proceeding, a sum of $2,995.46, within ninety days of that order. Varallo obtained an extension of time within which to comply with that portion of the order but allowed the extension of time to expire without paying the cost assessment. Although he sought additional time to comply with the order, his request was not granted, and he was technically out of compliance with the order. However, at the time the cost assessment ultimately came due, Varallo was not financially able to pay the amount owing. Upon recognition of the seriousness of his failure to comply, Varallo sought relief from the Supreme Court, and the matter was ultimately referred to the PDJ and Hearing Board for decision as an element of the readmission process.

The late cost assessment payment made by Varallo on June 10, 1999, under different facts, would constitute sufficient grounds to deny readmission. However, in light of the extenuating circumstances established during the readmission hearing, the PDJ and Hearing Board find that Varallo's cost payment satisfies the "full compliance" requirement of C.R.C.P. 251.29(a).

In allowing Varallo to be readmitted to the practice of law, the PDJ and Hearing Board are required to consider conditions upon the readmission which are designed to protect

the public interest. In accordance with that responsibility and pursuant to C.R.C.P. 251.29(e), the PDJ and Hearing Board impose the following conditions upon Varallo as express conditions of his resumption of the practice of law:

1. Varallo will submit quarterly reconciliation reports of both his operating and trust accounts reflecting each and every deposit and withdrawal from such accounts to the Office of Attorney Regulation Counsel for a period of 3 years. In connection with the submission of the reconciliation reports, Varallo will fully cooperate with the Office of Attorney Regulation Counsel in explaining and submitting requested detail contained in such reports.

2. During the first thirty-six months of Varallo's readmission, he is prohibited from practicing as a solo practitioner. Varallo must conduct his law practice in an environment which includes other lawyers with whom he can exchange ideas and discuss pending matters.

3. During the first thirty-six months of Varallo's readmission, any trust account over which Varallo has signature authority must require the signature of a second attorney who has full and complete access to the documentation justifying such withdrawals to effectuate a withdrawal.

4. During the first thirty-six months of Varallo's readmission, Varallo will secure the services of an independent accounting service to maintain the financial records of his law practice and any and all records of such accounting service relating to Varallo or his accounts shall be made available to the Office of Attorney Regulation Counsel upon request.

5. Varallo will re-register with the Office of Attorney Registration, complete such forms as they may require and pay all fees in accordance with the requirements of C.R.C.P. 227. Varallo will be assigned a new attorney registration number upon re-registration to reflect his readmission to the bar.

### III. ORDER OF READMISSION

It is therefore ORDERED:

Upon the conditions set forth herein, Michael A. Varallo, former attorney registration no. 00417, is READMITTED to the practice of law effective the 6th day of October, 1999. Michael A. Varallo will appear before the Presiding Disciplinary Judge on October 6, 1999 and take the Oath of Admission pursuant to C.R.C.P. 201.14(1).