Timothy Paul McCAFFREY, Petitioner,

v.

The PEOPLE of the State of Colorado, Respondent.

No. 99PDJ108.

Office of the Presiding Disciplinary Judge of the Supreme Court of Colorado.

March 6, 2000.

Opinion by Presiding Disciplinary Judge ROGER L. KEITHLEY and Hearing Board members MARCY G. GLENN and SISTO J. MAZZA, both members of the bar.

### OPINION AND ORDER REINSTATING TIMOTHY PAUL McCAFFREY'S LICENSE TO PRACTICE LAW

This reinstatement hearing was heard on February 15, 2000, pursuant to C.R.C.P. 251.29(b) and (c) before the Presiding Disciplinary Judge ("PDJ") and two hearing board members, Marcy G. Glenn and Sisto J. Mazza, both members of the Bar. Gregory G. Sapakoff, Assistant Attorney Regulation Counsel, represented the People of the State of Colorado (the "People") and Arthur S. Nieto represented Timothy Paul McCaffrey ("McCaffrey"), attorney registration no.

12411. The following witnesses testified on behalf of McCaffrey: Robert J. Frank, Steven Baker, Ben Graham, Andrew S. Wentworth, and Judge Larry Martin. McCaffrey testified on his own behalf. McCaffrey submitted Exhibits 1 through 9, which were admitted into evidence by stipulation.

## I. FINDINGS OF FACT

The PDJ and hearing board made the following findings of fact by clear and convincing evidence:

McCaffrey was suspended from the practice of law by the Supreme Court on October 15, 1996 for a period of three years.[1] *See People v. McCaffrey,* 925 P.2d 269, 274 (Colo.1996). McCaffrey's suspension arose from his conviction for first-degree criminal trespass and unlawful use of a controlled substance, neglect in allowing the statute of limitations to expire on two clients' personal injury claims, failing to contact clients, offering to settle claims without the client's prior authorization, misrepresenting to a client that he had filed a complaint in a personal injury matter, and failing to respond to the prior grievance committee's requests for investigation. The misconduct which resulted in McCaffrey's suspension, in large part, was attributable to personal and emotional problems including drug and alcohol abuse. McCaffrey filed a Petition for Reinstatement on October 14, 1999.

The Supreme Court's 1996 suspension order required that as a condition of reinstatement, McCaffrey establish that he is mentally competent and able to engage in the practice of law, that he prove that he has complied with all of the terms and conditions of his probation in the criminal cases, and that he pay the costs of the disciplinary proceedings. The Supreme Court found that McCaffrey's neglect had harmed his clients Blanche Thompson and Shelby Franks, but did not order that McCaffrey pay restitution to his clients.

At the time of the suspension in 1996, pursuant to C.R.C.P. 241.21 [2], McCaffrey was required to wind up the affairs of his law practice, provide notice to clients in pending matters, provide notice to parties in litigation, and file an affidavit with the Supreme Court setting forth a list of all pending matters in which McCaffrey served as counsel. In October 1994, prior to the time of his suspension, McCaffrey had voluntarily closed his law practice and transferred existing clients to other attorneys. He paid the costs of the disciplinary proceeding in the amount of $171.50. The parties stipulated during the course of this proceeding that McCaffrey had fully complied with the terms and conditions of the criminal matters giving rise to his suspension, that he had fully complied with all disciplinary orders, and that he had substantially complied with all of the requirements for reinstatement under C.R.C.P. 251.29.

In the criminal trespass case, case no. 94CR2758, McCaffrey was convicted and sentenced to three years' probation subject to certain conditions. McCaffrey complied with the terms of his probation and it was terminated. In a separate criminal case, case no. 94CR2882, McCaffrey pled guilty to the unlawful use of a schedule II substance, and received a three year deferred sentence subject to certain conditions. On February 14, 1996, case no. 94CR2882 was dismissed reflecting that McCaffrey had complied with the conditions of that sentence.

During the period of licensure suspension, McCaffrey was employed as a paralegal, first at a small law firm, then at a well-established larger law firm in Las Vegas, Nevada. McCaffrey has been and continues to be a responsible and reliable employee at that firm. He is regarded by his supervising partners as highly competent in legal matters. He is valued by the firm for his skill and knowledge in trial preparation. McCaffrey has consistently made clear to both clients and colleagues throughout his period

---

**1.** McCaffrey had been immediately suspended from the practice of law on March 30, 1995 pursuant to C.R.C.P. 241.8 as a result of the same misconduct which led to his three year suspension.

**2.** C.R.C.P. 241.21 was replaced by C.R.C.P. 251.28 effective January 1, 1999.

of suspension that he is not a practicing attorney but rather a paralegal.

McCaffrey has established his competency in law by preparing for and passing the Nevada Bar Examination and the Multistate Professional Responsibility Exam. Additionally, McCaffrey read all ethics opinions issued by the Colorado Bar Association Ethics Committee through Opinion 105, as well as the abstracts of informal letter responses from the Colorado Bar Association Ethics Committee issued from 1996 to the present. He has completed ninety-three (93) general and thirteen (13) ethics CLE credits during 1999. McCaffrey is presently pursuing a Master of Business Administration degree from the University of Nevada.

McCaffrey has been candid about the events giving rise to his suspension, readily acknowledged his prior substance abuse and is committed to permanently remaining drug and alcohol free. McCaffrey's commitment to sobriety began on or about September 7, 1994, and he has remained drug and alcohol free since that time. Since 1994 McCaffrey has participated in weekly meetings of Lawyers Concerned for Lawyers ("LCL"), a peer support group for attorneys addressing substance abuse issues in Las Vegas, Nevada. McCaffrey has sought and received professional counseling for his personal and emotional difficulties. He acknowledges and accepts his prior misconduct and displays humility regarding the behavior that gave rise to his disciplinary proceeding, and is cognizant of how easily life can be destroyed by substance abuse. McCaffrey's recognition of his prior misconduct and its causation combined with his efforts to address the underlying causes of his misconduct resulting in over five years of sobriety, has allowed him to resume his professional undertakings and enabled his family to remain intact.

During the period of suspension, McCaffrey has not been convicted of any crime, has had no civil judgments entered against him, is not in arrears on child support payments, has had no tax liens or judgments entered against him and has not been a party to any civil or criminal actions.

An independent medical evaluation introduced as evidence opines that McCaffrey is mentally competent and able to engage in the practice of law. No evidence was offered challenging that conclusion.

## II. CONCLUSIONS OF LAW

Timothy Paul McCaffrey, is subject to the jurisdiction of this court pursuant to C.R.C.P. 251.1(b).

C.R.C.P. 251.29(b) provides, in part:

An attorney who has been suspended for a period longer than one year must file a petition with the Presiding Disciplinary Judge for reinstatement and must prove by clear and convincing evidence that the attorney has been rehabilitated, has complied with all applicable disciplinary orders and with all provisions of this chapter, and is fit to practice law.

Consideration of the issue of rehabilitation requires the PDJ and hearing board to consider numerous factors bearing on the petitioner's state of mind and professional ability, including character, conduct since the imposition of the original discipline, professional competence, candor and sincerity, present business pursuits, personal and community service, and the petitioner's recognition of the seriousness of his previous misconduct. *People v. Klein,* 756 P.2d 1013, 1016 (Colo.1988). In addition to the general requirements set forth in C.R.C.P. 251.29(b), the Supreme Court explicitly required in its Order dated October 15, 1996, that as a condition of reinstatement McCaffrey must establish that he is mentally competent, able to engage in the practice of law and that he has complied with all of the terms and conditions of his probation in the criminal cases.

Under the factors set forth in *Klein,* 756 P.2d at 1016, the PDJ and hearing board found that McCaffrey established by clear and convincing evidence that he is rehabilitated. He has maintained employment as a paralegal since August 1995 in Las Vegas, Nevada, and his current employer speaks highly of his contribution to the firm. He has taken appropriate steps to remain current with the law, particularly in the field of ethics. He has passed the Nevada bar exam, and is pursuing a degree in business adminis-

tration. He possesses the requisite ability and professional competence to practice law.

McCaffrey established that he is of good moral character. He has maintained a stable relationship with his life partner and is a dedicated parent of his two children. He is active in his community. He attends weekly meetings of LCL, the Nevada equivalent of the Colorado Lawyers' Health Program. He demonstrated remorse for his prior conduct and on his own initiative suggested making restitution to the two prior clients harmed by his actions. McCaffrey was candid and sincere during the reinstatement proceedings.

The parties stipulated during the course of the proceeding that McCaffrey fully complied with the terms and conditions of the criminal matters giving rise to his suspension, he fully complied with all disciplinary orders, and he substantially complied with all of the requirements of 251.29. McCaffrey did not, however, strictly comply with the affidavit and notice requirements of C.R.C.P. 241.21 upon his immediate suspension in 1995 or his three year suspension in 1996.

In 1995 and 1996 C.R.C.P. 241.21(d) required:

Within ten days after the effective date of the order of disbarment, suspension, or transfer to disability inactive status, or within such additional time as allowed by the Supreme Court, the lawyer shall file with the Supreme Court an affidavit setting forth a list of all pending matters in which the lawyer served as counsel and showing:

(1) That he has fully complied with the provisions of the order and of this Rule; and

(2) That he has notified every other jurisdiction before which he is admitted to practice law of the order entered against him; and

(3) That he has served a copy of such affidavit upon the Committee Counsel and Disciplinary Counsel.

■ A strict reading of the rule would require, as a condition of reinstatement, that

McCaffrey file the affidavit with the appropriate entity ten days after he was immediately suspended in March 1995. However, McCaffrey had closed his practice in October 1994, some four or five months prior to his immediate suspension, and therefore had no clients to notify at the time this requirement was triggered. The United States District Court for the District of Colorado was the only jurisdiction, other than the courts of the state of Colorado, before which he was admitted to practice in 1995 and 1996.[3]

This court reasoned in *People v. Berkley*, 99PDJ073, slip op. at 5–7 (Colo.P.D.J.1999) 29 Colo. Law. 111,112 (February 2000) that "compliance" for purposes of C.R.C.P. 241.21 may be tested under a substantial compliance standard:

An examination of C.R.C.P. 241.21 reveals that its primary objective was the protection of the public, the protection of the disciplined attorney's clients, and the protection of opposing parties in pending litigation. Further protection was provided by the requirement that the disciplined attorney submit an affidavit to the Supreme Court that he had, in fact, provided the required notices and informed all jurisdictions in which he had been admitted to practice. *Berkley*, slip op. at 6, 29 COLO. LAW. at 112.

In this case, McCaffrey had closed his practice and referred his clients to other attorneys in October 1994 before his immediate suspension in March 1995. Although McCaffrey should have filed an affidavit notifying the Supreme Court that he had no clients and was not involved in any pending litigation, under the facts of this case, as in *Berkley, supra*, no enhanced protection to the public, existing clients or opposing parties in pending litigation would have been provided by McCaffrey's strict compliance with the time provisions of C.R.C.P. 241.21. *See, Berkley*, slip op. at 7, 29 COLO. LAW at 112.

In light of the analysis set forth above, taken together with the People's stipulation

---

**3.** The United States District Court for the District of Colorado immediately suspended McCaffrey in April 1995.

that McCaffrey substantially complied with the rule requirements, the PDJ and hearing board find that McCaffrey substantially complied with the requirements of C.R.C.P. 241.21.

█ McCaffrey stipulated with the People that as a result of his conduct, he caused monetary harm to his former clients, Blanche Thompson, in the amount of $25,000, and Shelby Franks, in the amount of $10,000. Although the Supreme Court in its order of suspension did not order that McCaffrey pay restitution to these clients, McCaffrey proposed that he execute promissory notes, on reasonable and appropriate terms in light of his financial circumstances, for the above amounts to both Ms. Thompson and Ms. Franks as a condition of reinstatement. The PDJ and hearing board take McCaffrey's willingness to pay his previous clients for harm they may have sustained as a result of his actions as evidence of his rehabilitation and good moral character. We decline, however, to accept the parties' stipulation as to the amount agreed upon without involvement of the injured parties as being reflective of the actual damages caused by McCaffrey's prior misconduct. No evidence was presented from which a determination could be made as to the actual monetary injury. Moreover, other forums are better suited to make that determination.

The PDJ and hearing board are required to protect the public interest in allowing McCaffrey to resume the practice of law. In accordance with that responsibility and pursuant to C.R.C.P. 251.29(e), the PDJ and hearing board impose the following conditions upon McCaffrey as express conditions of his resumption of the practice of law:

1. McCaffrey shall abstain from the abuse of all alcohol and all non-prescribed controlled substances for a period of three years from the effective date of his reinstatement;

2. For a period of three years following the effective date of this Order, McCaffrey shall submit to random urine monitoring through an agency or clinic approved by Colorado Lawyers' Health Program ("CLHP"). As part of such monitoring, the following terms shall be required:

   A. McCaffrey shall execute releases satisfactory in substance and form to the Office of Attorney Regulation Counsel allowing all monitoring results to be provided to CLHP and McCaffrey shall make such arrangements as are necessary to insure that the results of testing are provided to CLHP within ten (10) days of the testing;

   B. Not less than ten (10) random urinalysis tests shall be conducted during the next three years;

   C. CLHP shall submit reports regarding the monitoring and results thereof to the Office of Attorney Regulation Counsel within twenty (20) days of receipt;

3. For a three year period from the effective date of this Order, McCaffrey shall attend, at least twice monthly, the weekly meetings of the LCL program in Las Vegas, Nevada, or a substantially similar program approved by CLHP. McCaffrey shall execute releases and provide them to LCL or a similar program, so that LCL may then provide confirmation to CLHP of McCaffrey's compliance with his attendance at meetings. McCaffrey shall make such arrangements as are necessary to insure that CLHP receive not less than quarterly reports regarding his required meeting attendance. CLHP shall, in turn, submit quarterly reports concerning McCaffrey's compliance with this requirement to the Office of Attorney Regulation Counsel;

4. Within thirty days of both the one year and two year anniversaries of McCaffrey's reinstatement, McCaffrey shall undergo an evaluation by a psychiatrist approved by CLHP and shall provide releases to allow a report of the evaluation to be provided to CLHP. CLHP shall provide a copy of such report to the Office of Attorney Regulation Counsel. After the issuance of each such report, the petitioner shall comply with any and all reasonable

recommendations for treatment or monitoring made by the evaluator in the reports during the three year period following McCaffrey's reinstatement;

5. The reports submitted to CLHP, and by CLHP to the Office of Attorney Regulation Counsel shall not be disclosed to third parties except in filings with the Presiding Disciplinary Judge or in conformity with the duties and responsibilities of that office under C.R.C.P. 251.1 *et seq,* absent further Order of court;

6. For three years from the effective date of this Order, McCaffrey shall not engage in the practice of law except in a law office environment which includes other attorneys actively practicing law and adequate support staff of the type and quantity normally found in a functioning law office;

7. McCaffrey shall make affirmative good faith efforts within twelve months from the effective date of this Order to adequately compensate Shelby Franks and Blanche Thompson for the injuries they sustained as the result of his misconduct as more fully set forth in *McCaffrey,* 925 P.2d at 274;

8. For a period of three years following the effective date of this Order, McCaffrey's practice of law shall be monitored by a member of the bar of the jurisdiction in which McCaffrey maintains his primary practice. The practice monitor shall be acceptable to and approved by the Office of Attorney Regulation Counsel. The practice monitor shall meet with McCaffrey not less than twice monthly during the first year of the monitoring period and not less than monthly thereafter to review case status, docketing controls, frequency of communication with clients, and case progress. The monitor shall make recommendations to McCaffrey and determine compliance with such recommendations. The monitor shall submit written reports to McCaffrey and the Office of Attorney Regulation Counsel monthly during the first year and quarterly thereafter regarding McCaffrey's law practice. The practice monitor must be in place and approved upon the effective date of this Order.

9. McCaffrey is required to certify compliance with paragraphs 1 through 8 of this Order to the Office of Attorney Regulation Counsel no later than thirty days following the yearly anniversary of the effective date of this Order until the periods set forth herein have expired.

10. In the event disciplinary proceedings are authorized by the Attorney Regulation Committee or the equivalent thereof and initiated against McCaffrey pursuant to C.R.C.P. 251.12 for conduct occurring within three years after the effective date of this Order, this Order of reinstatement shall be subject to immediate revocation upon proper application to the court by the Office of Attorney Regulation Counsel;

11. McCaffrey shall pay all costs incurred arising from this reinstatement proceeding. The People shall file with the PDJ an itemization of the costs and expenses attributable to this matter within ten (10) days of the date of this Order. McCaffrey shall have five (5) days thereafter to file a Response to the itemization. McCaffrey shall be solely responsible for all costs associated with compliance with the terms and conditions of this Order.

### III. ORDER OF REINSTATEMENT

It is therefore ORDERED:

Upon the conditions set forth herein, the license to practice law of Timothy Paul McCaffrey, attorney registration no. 12411 is REINSTATED effective the 27th day of March, 2000.