**Leo WOTAN, Petitioner,**

v.

**The PEOPLE of the State of Colorado, Respondent.**

**No.  00PDJ018.**

Office of the Presiding Disciplinary Judge of the Supreme Court of Colorado.

Oct. 30, 2000.

Opinion by Hearing Board members GAIL C. HARRISS and DAVID A. HELMER, both members of the bar, dissent by Presiding Disciplinary Judge ROGER L. KEITHLEY.

### OPINION AND ORDER REINSTATING LEO WOTAN'S LICENSE TO PRACTICE LAW

*ATTORNEY REINSTATED*

This reinstatement matter was heard on June 29, 2000, pursuant to C.R.C.P. 251.29(b)

and (c) before the Presiding Disciplinary Judge ("PDJ") and two hearing board members, Gail C. Harriss and David A. Helmer, both members of the Bar. James C. Coyle, Assistant Attorney Regulation Counsel represented the People of the State of Colorado (the "People") and Peter J. Adolph represented Petitioner Leo Wotan ("Wotan"). The following witnesses testified on behalf of Wotan: David M. Adams, Harlan Gunther, Victory Adams, Judith Drennan, William Drennan, Joseph Tarantino, Amir Hassan Khazei, M.D., and Dorothy M. Wotan. Wotan testified on his own behalf. Wotan's exhibit 1 was admitted into evidence by stipulation.

The PDJ and Hearing Board considered the testimony and exhibit admitted, assessed the credibility of the witnesses, and considered the Partial Stipulation of Facts submitted by the parties. The Hearing Board made the following findings of fact which were established by clear and convincing evidence:

## I. FINDINGS OF FACT

On September 15, 1997, the Colorado Supreme Court suspended Leo Wotan from the practice of law for a period of one year and one day, effective thirty days thereafter. *See People v. Wotan*, 944 P.2d 1257, 1264 (Colo. 1997).

Wotan's suspension arose from several separate matters. In one matter, Wotan communicated with a party he knew to be represented by another lawyer on the subject of the representation in violation of prior DR 7–104(A)(1) and Colo. RPC 4.2(communication with a person represented by counsel). In another matter, the client was injured in the scope of his employment and sought Wotan's professional assistance regarding the unpaid medical bills for his injuries. Wotan neglected the client's matter over a two-year period, in violation of prior DR 6–101(A)(3) and Colo. RPC 1.3 (neglecting a legal matter entrusted to the lawyer). In a third matter, Wotan brought a medical malpractice action on behalf of a client and filed a certificate of review which failed to meet the requirements set forth in § 13–20–602(2)(a)(III), 6A C.R.S. (1987 & Supp.1993). Wotan thus violated

Colo. RPC 3.3(a)(1)(making a false statement of material fact or law to a tribunal). Wotan also violated Colo. RPC 1.3 by failing to take certain actions on his client's behalf in the course of the representation. In a fourth matter, Wotan instructed his bookkeeper to add a surcharge of ten percent to client billings without noting the surcharge on the billing statements, in violation of prior DR1–102(A)(4)(engaging in conduct involving dishonesty, fraud, deceit or misrepresentation). Additionally, Wotan did not withhold enough money in his law firm bank account for tax purposes, resulting in the failure to pay withholding taxes in violation of 26 U.S.C. § 7202 (1994), a felony, which constituted a violation of prior DR1–102(A)(4) and Colo. RPC 8.4(c)(engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), DR1–102(A)(6) and Colo. RPC 8.4(h)(engaging in conduct that adversely reflects on the lawyer's fitness to practice law), Colo. RPC 8.4(b)(committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer), as well as C.R.C.P. 241.6(5)(violating the criminal laws of the state or of the United States).

Wotan initially filed a Petition for Reinstatement on October 26, 1998. By the time Wotan filed his original Petition for Reinstatement, the People had received additional Requests for Investigation relating to Wotan's conduct during his period of suspension. The People opposed the reinstatement and the parties stipulated to the dismissal of the petition. Thereafter, the People filed a Complaint arising from conduct allegedly occurring during the period of suspension, Case No. 99PDJ074. The allegations of that Complaint were resolved by the submission of a Conditional Admission of Misconduct which was approved by the Presiding Disciplinary Judge by Order dated July 16, 1999. In the Conditional Admission, the parties agreed to the sanction of public censure for Wotan's violation of the Court's Order of Suspension by engaging in the unauthorized practice of law while under suspension in two separate matters. In the first matter, Wotan prepared an amendment to an existing trust agreement which he had drafted several years before and counseled and gave advice

on the trust to a former client. He billed a total of $125 for his work. In the second matter, Wotan prepared a codicil to a will he had previously drafted on behalf of another client, and counseled her with regard to the codicil. He billed $150 for his work. Wotan notified both clients that he was unable to practice law, but would act as a paralegal or scrivener. Wotan believed that he was assisting two former clients who were elderly regarding minor scrivener work. The Conditional Admission of Misconduct provided that Wotan's violation of Colo. RPC 5.5 (engaging in the unauthorized practice of law) was negligent rather than intentional.

In the original September 15, 1997 Order of Suspension, the Court ordered Wotan to pay costs of the proceeding in the amount of $3,705.82 on or before December 15, 1997. The opinion further stated that Wotan would not be reinstated until after he had complied with C.R.C.P. 241.22(b) through (d).[1] Wotan did not pay the required costs by December 15, 1997. Thereafter, Wotan sought and received additional time from the Supreme Court within which to pay the assessed costs. In the interim, however, the matter had been forwarded for collection causing collection costs to arise in addition to the original cost assessment. As of the conclusion of the reinstatement hearing, Wotan had submitted payment for all costs assessed in the original Order of Suspension plus a sufficient amount to satisfy the additional collection costs incurred by reason of his untimely payment. Wotan testified without any conflicting evidence that he was financially unable to pay the assessed costs in accord with the original order or the extensions granted by the Court, paid portions of the amount due as his financial condition allowed, and eventually did pay the costs and collection fees as soon as his finances enabled him to do so.

Following his suspension from the practice of law, Wotan closed his law office and sought various other forms of employment. Wotan remained gainfully employed during the period of his suspension, often working extended hours to meet the financial needs of his family. Wotan and his family suffered severe financial hardship as a result of his prior misconduct and the resulting suspension.

During the period of suspension, Wotan was not convicted of any crime, had no civil judgments entered against him, was not in arrears on child support payments, had no tax liens or judgments entered against him and was not a party to any civil or criminal actions. He has no record of illegal drug use, abuse of alcohol or history of any conduct involving moral turpitude.

Following his suspension, Wotan continued to be involved in community and church activities. He conducted two seminars for first-time home buyers at his own expense, one of which was co-sponsored by Habitat for Humanity, for whom Wotan has served as a volunteer board member for six years. He has remained very active in his church community. Wotan now monitors his community and church involvement to prevent the over extension which contributed to his prior misconduct.[2]

During the period of time in which Wotan's misconduct occurred, he suffered from depression and was hospitalized. He was under a great deal of stress and was not able to properly manage his time between conflicting obligations. The stress and its associated effects were a significant factor giving rise to his suspension. He is currently taking prescription medication to avoid a relapse of depression and has obtained counseling as a result of his suspension which has helped him understand and acknowledge the circumstances that gave rise to the suspension. He recognizes that he must avoid procrastination and over extending himself.

He is held in high esteem by friends and business associates in the community. He is known as a trustworthy, loyal and honorable individual. Clients who previously had used Wotan's legal services expressed their opin-

---

1. C.R.C.P. 241.22 was replaced by C.R.C.P. 251.29 effective July 1, 1998.

2. Wotan attributed substantial portions of his prior misconduct to over involvement in community activities, lack of time to properly address

his professional obligations and unmanageable stress associated with his inability to properly focus his activities. The People did not challenge this evidence.

ions that he is competent, has good legal ability and has a deep respect for the legal system. Wotan's character witnesses described his prior misconduct as an aberration not consistent with his commitment to community, clients and family.

Wotan was forthcoming about his suspension to his friends and business associates. He acknowledges the seriousness of his prior misconduct and is remorseful about his actions. He invited the imposition of conditions upon reinstatement, including monitoring of his law practice and a mentoring attorney to oversee him.

Notwithstanding the fact that his employment during the period of suspension did not relate to the legal profession, Wotan continued to attend Continuing Legal Education ("CLE") courses. Indeed, he exceeded the number of required CLE credits required of practicing lawyers and earned seventy-five credits, 19.6 of which were in the field of ethics.[3] Wotan also taught a class at Aims Community College in Loveland, Colorado during the spring quarter of 1998 on the "Legal Environment of Business" which included a section on ethics in the context of business and business law.

## II. CONCLUSIONS OF LAW

Leo Wotan was licensed to practice law in the State of Colorado on May 23, 1978, attorney registration number 08823. He is subject to the jurisdiction of this court pursuant to C.R.C.P. 251.1(b). Wotan filed a Petition for Reinstatement on March 6, 2000, and tendered the cost deposit of $500 required under C.R.C.P. 251.29(i).

In the September 15, 1997 Order of Suspension, the Court ordered Wotan to pay the costs of the proceeding in the amount of $3,705.82 on or before December 15, 1997. Although Wotan did not pay the costs in strict accordance with the Court's Order of Suspension, he did ultimately pay the amount ordered and paid it in accordance with his financial ability to do so. Under *McCaffrey v. People*, 35 P.3d 481, 484 (Colo. PDJ 2000), 29 Colo. Law 114, 115 (May 2000) the PDJ

and Hearing Board found that McCaffrey's substantial compliance with the requirements of C.R.C.P. 241.21(d) was sufficient for purposes of reinstatement. *See also People v. Berkley*, 99PDJ073, slip op. at 5–7 (Colo. P.D.J.1999) 29 Colo. Law. 111,112 (February 2000).

■ In both *McCaffrey* and *Berkley* the attorney's failure to strictly comply with the court order did not evidence either harm to their former clients nor an intent to ignore the Court's orders. Wotan's failure to strictly comply with the suspension order in this case is similar. His failure to comply arose from a financial inability to pay rather than an unwillingness to do so. Indeed, he did pay in accordance with his ability and the People did not contest that issue. Accordingly, the Hearing Board finds that Wotan has substantially complied with the Order of Suspension with regard to payment of the assessed costs from the order of suspension.

In addition to the payment of costs in the underlying disciplinary matter, the Order of Suspension stated that Wotan would not be reinstated until after he had complied with C.R.C.P. 241.22(b) through (d). At the time of Wotan's filing of the Petition for Reinstatement, C.R.C.P. 241.22 had been replaced by 251.29, which states in relevant part:

(c) The petition for reinstatement must set forth:

(3) The facts other than passage of time and absence of additional misconduct upon which the petitioning attorney relies to establish that the attorney possesses all of the qualifications required of applicants for admission to the Bar of Colorado, fully considering the previous disciplinary action taken against the attorney;

(4) Evidence of compliance with all applicable disciplinary orders and with all provisions of this Chapter regarding actions required of suspended attorneys;

(5) Evidence of efforts to maintain professional competence through continuing legal education or otherwise during the period of suspension.

---

3. The CLE courses included estate planning, legal malpractice, will contests, employment law, "geo hazard," real estate, trust accounts and construction law.

In addition to the requirements set forth above, in order to determine whether the attorney applying for reinstatement has been rehabilitated, the Hearing Board must consider the factors set forth in *People v. Klein*, 756 P.2d 1013, 1016 (Colo.1988). These factors include the petitioner's state of mind and professional ability, including character, conduct since the imposition of the original discipline, professional competence, candor and sincerity, present business pursuits, personal and community service, and the petitioner's recognition of the seriousness of his previous misconduct.

During the period of suspension, Wotan was not convicted of any crime, had no civil judgments entered against him, was not in arrears on child support payments, had no tax liens or judgments entered against him and was not a party to any civil or criminal actions. He has no record of illegal drug use, abuse of alcohol or history of any conduct involving moral turpitude. Wotan sought out and underwent treatment and counseling to aid him in addressing the depression that contributed to his suspension. Wotan expressed genuine remorse for his past conduct.

Wotan established that he has maintained his professional competence by studying a significant number of CLE classes and teaching law-related subjects. He has consistently dedicated a significant amount of time to community activities. He is very active in his church community. He is a dedicated husband and father and participates actively in his home life, and is well respected in his community. The uniform expressions of respect both for Wotan's legal abilities and for his honesty by persons from his community is a significant factor in granting his reinstatement to the practice of law.

The September 15, 1997 Order of Suspension noted:

[W]e are very troubled, as was the board, by the respondent's predilection for blaming his employees for problems that were of his own making. Reinstatement proceedings will ensure that the respondent is once again able to practice law appropriately. *Id.* at 1264.

The Hearing Board is satisfied that Wotan no longer blames others for his own misconduct; rather, he accepts full responsibility for his actions. Unlike his testimony at his disciplinary hearing, Wotan no longer attributes his misconduct to the actions of others. He correctly recognizes that it was his failure to conform his actions to the mandates of the profession, not the failure of others, which precipitated his suspension. His current state of mind regarding his prior misconduct is one of recognition and acceptance and it provides a measure of reassurance that similar misconduct is unlikely to recur.

Under the factors set forth in both C.R.C.P. 251.29 and *Klein*, 756 P.2d at 1016, the Hearing Board finds that Wotan established by clear and convincing evidence that he is rehabilitated.

These proceedings, among other things, are designed to protect the public. In accordance with that responsibility and pursuant to C.R.C.P. 251.29(e), the Hearing Board imposes the following conditions upon Wotan as express conditions of his resumption of the practice of law:

1. Wotan is required to practice within a legal environment where he can benefit from the free exchange of ideas and constructive feedback from at least one other practicing attorney. This environment must include adequate support staff to assist Wotan's adherence to the well-organized practice of law, and;

2. Wotan must retain a practice monitor. Such monitor may work with him in the legal environment described above. Such monitor must have at least five (5) years' experience practicing law in Colorado. Within thirty (30) days of the placement of a practice monitor, Wotan shall inform the Office of Attorney Regulation Counsel of the identity, address and phone number of the practice monitor. The practice monitor shall submit a written report to the Office of Attorney Regulation Counsel on a quarterly basis disclosing the nature and frequency of the monitoring, Wotan's compliance with recommendations of the monitor, and any areas of difficulty which may be experienced. Monitoring shall continue for a period of twelve months.

3. Wotan shall attend the ethics school offered by the Office of Attorney Regulation Counsel within one year from the date of this Order. Wotan shall be responsible for all costs of his attendance in ethics school.

4. Wotan shall pay all costs associated with the reinstatement proceeding. In the event any costs are due and owing, the People shall file with the PDJ an itemization of the costs and expenses attributable to this matter within ten (10) days of the date of this Order. Wotan shall have five (5) days thereafter to file a Response to the itemization. Wotan shall be solely responsible for all costs associated with compliance with the terms and conditions of this Order.

DISSENT: The PDJ dissents:

The Hearing Board concluded that Wotan established by clear and convincing evidence that he is rehabilitated from his prior misconduct, recognizes the seriousness of that misconduct and is fit to practice law. I disagree.

Rehabilitation, of necessity, requires a detailed examination of the misconduct which resulted in the original discipline. Wotan's misconduct, as revealed by the Supreme Court's opinion in *People v. Wotan,* 944 P.2d 1257 (Colo.1997) raises serious question about his personal and professional integrity in five distinct areas. At least three of those areas were particularly troubling. The Supreme Court stated:

> The three most serious of the respondent's violations are the filing of the false certificate in the Betty Fisher case, the secret 10% surcharge, and the failure to pay employee withholding taxes when due. Any one of these violations by itself would justify a period of suspension. *Wotan,* 944 P.2d at 1263.

The evidence presented at the reinstatement hearing in this matter failed to demonstrate steps taken by Wotan, if any, to address either the personal or professional deficiencies which precipitated the specific conduct leading to discipline. Wotan did not describe efforts he undertook to educate himself regarding those areas where the misconduct, at least in part, arose from ignorance or misunderstanding, changes in his character, or life style or personality characteristics from which it could be concluded that he would adhere to the standards of the profession. Indeed, beyond Wotan's unsupported personal assurance that he would conform his future conduct to The Rules of Professional conduct, no evidence was offered from which a conclusion could be reached that he would do so.

Neither the passage of time nor personal assurances of future compliance, standing alone, should be interpreted as rehabilitation. *In re Sharpe,* 499 P.2d 406, 409 (Okla.1972). In *Goff v. People,* 35 P.3d 487, 494–97 (Colo. PDJ 2000) 29 Colo. Law. 126, 128–130 (October 2000) the PDJ and Hearing Board undertook a thorough analysis of the requirements of C.R.C.P. 251.29. That analysis neither changed nor enhanced the standard of proof required for reinstatement. At most, the *Goff* decision set forth the methodology by which reinstatement decisions must be made.[4] Utilizing that decisional methodology in this case demonstrates that Wotan failed to meet his burden of proof regarding rehabilitation and, consequently, is not eligible for reinstatement.

Moreover, during the period of suspension, Wotan admitted that he engaged in the unauthorized practice of law. Although the Conditional Admission of Misconduct in which that admission was made stipulates that it was negligent misconduct, it raises a question regarding Wotan's professional integrity which pervades the earlier misconduct resulting in his suspension. In the prior instances of misconduct, Wotan ignored well-settled courses of conduct, failed to inform himself of the requirements of law, took shortcuts in violation of The Rules of Professional Conduct, and failed to comply with law in order to achieve the result he determined to be

---

4. *Goff* was announced after this reinstatement hearing was concluded. Because *Goff* did not alter existing law, but rather gave guidance upon the decisional methodology, it is appropriate to apply that methodology to the facts of this case.

appropriate. The unauthorized practice of law incidents which occurred during the period of suspension reveal the same willingness to circumvent the law or act in ignorance of it under circumstances in which Wotan determines that external factors justify his conduct. Those intervening events strongly suggest that no rehabilitation has transpired and the public may be at further risk.

Notwithstanding my dissent from the Hearing Board's decision to authorize reinstatement, under the circumstances, the imposition of conditions upon reinstatement is essential. Although conditions upon reinstatement should be designed to assure protection of the public and should only be imposed to address specific, narrow areas of concern, the monitoring of Wotan's practice of law is essential upon his reinstatement to the practice of law.

### III.  ORDER OF REINSTATEMENT

It is therefore ORDERED:

Upon the conditions set forth herein, the license to practice law of LEO WOTAN, attorney registration no. 08823 is REINSTATED to the practice of law. Pursuant to C.R.C.P. 251.27(g) [5] the effective date of reinstatement shall be twenty-one (21) days from the date of this Order: November 20, 2000.

---

5. C.R.C.P. 251.26 was repealed by Order of the Supreme Court effective September 1, 2000. C.R.C.P. 251.27(g) provides that a notice of appeal shall be filed with the Supreme Court within twenty days of the date of mailing the decision from which the party appeals.