In the Matter of George Case PRICE,
Attorney–Respondent.

No. 99SA131.

Supreme Court of Colorado,
En Banc.

Jan. 16, 2001.

John S. Gleason, Attorney Regulation Counsel, James S. Sudler, Assistant Regulation Counsel, Denver, CO, Attorneys for Complainant.

George S. Meyer, Denver, CO, Attorney for Attorney–Respondent.

PER CURIAM.

The respondent in this attorney regulation case is George Case Price. On December 16, 1996, we suspended Price from the practice of law for one year and one day. *People v. Price,* 929 P.2d 1316, 1320 (Colo.1996). While he was suspended, more charges were filed against him. This case involves combined reinstatement and regulation proceedings. The hearing board recommended that Price's petition for reinstatement be denied, and that he be suspended for an additional year and a day, to run concurrently with the two-year period during which time he would be ineligible to repetition for reinstatement. C.R.C.P. 251.29(g). The hearing panel approved the board's amended findings and recommendations.

We agree with the hearing board that Price did not establish that he was entitled to be reinstated to the practice of law, and we accept the recommendation that he not be reinstated. Because Price may not seek reinstatement again for two years following the denial of this reinstatement petition, however, an additional period of suspension is unnecessary to protect the public. We therefore reject the recommendation that Price also be suspended for a year and a day.

I.

George Case Price was licensed to practice law in Colorado in 1980. On December 16, 1996, Price was suspended from the practice of law for a year and a day, effective January 15, 1997. *Price,* 929 P.2d at 1320. While Price was suspended, the regulation counsel filed another formal complaint against him on February 5, 1998 (No. GC 98B–25), charging that Price had violated the Rules of Professional Conduct and C.R.C.P. 241.21(b)–(d), 12 C.R.S. (1998) (concerning the actions a lawyer must take after being suspended). One week later, Price filed his petition for reinstatement (No. GC 98B–35) because he had completed the one year and one day period of suspension imposed in 1996. Then, on August 19, 1998, the regulation counsel filed a second new complaint (No. GC 98B–197), alleging additional violations of the Rules of

Professional Conduct and C.R.C.P. 241.21. The hearing board granted Price's request that the three cases be consolidated and heard at one hearing. This took place on October 7 and 8, 1998. After considering the evidence presented, the board made the following findings.

## II.

### A. The Reinstatement Petition

Price filed a petition for reinstatement on February 12, 1998. At the time of the proceedings in this case, C.R.C.P. 241.22(b), 12 C.R.S. (1998) (now C.R.C.P. 251.29(b))[1] provided, in part, that a lawyer seeking to be reinstated must establish three things by clear and convincing evidence: "A lawyer who has been suspended for a period longer than one year must petition the supreme court for reinstatement and *must prove by clear and convincing evidence that the lawyer has been rehabilitated, has complied with all applicable disciplinary orders and with all provisions of this chapter, and is fit to practice law.*" (Emphasis added.)

In recommending that Price's petition for reinstatement be denied, the hearing board initially focused on the second requirement— whether Price had proved that he had com-

plied with all of the applicable disciplinary orders and the provisions of chapter 20 (containing the rules of procedure regarding lawyer discipline proceedings). It determined that he had not. The board found that Price failed to file an affidavit with this court containing a list of all pending matters, as C.R.C.P. 241.21(d) required.[2] Second, although the board found that Price notified thirty-one clients of his suspension by certified mail, it also found that Price did not notify all of his clients that he had been suspended, in violation of C.R.C.P. 241.21(b) (see below).[3] In addition, the notification letter that Price sent to clients in a pending administrative school matter, Mr. and Mrs. Muniz, was addressed incorrectly and they did not receive it.[4] Although he had filed a motion to withdraw his original request for a hearing in the Muniz matter, Price wrote to the school's counsel on December 16, 1996 (the day this court's order of suspension was entered) and requested that a due process hearing be set. In violation of C.R.C.P. 241.21(c),[5] Price did not give written notice to opposing counsel that he had been suspended. Nor did he tell the Munizes that they should hire substitute counsel because he could no longer represent them, another violation of C.R.C.P. 241.21(c).

1. The only difference between the former and present rules is that the petition for reinstatement must now be filed before the presiding disciplinary judge. C.R.C.P. 251.29(b).

2. C.R.C.P. 241.21(d) provided, in part:
    **(d) Affidavit Filed with Supreme Court.** Within ten days after the effective date of the order of disbarment, suspension, or transfer to disability inactive status, or within such additional time as allowed by the Supreme Court, the lawyer shall file with the Supreme Court an affidavit setting forth a list of all pending matters in which the lawyer served as counsel and showing:
    (1) That he has fully complied with the provisions of the order and of this Rule; and
    . . .
    (3) That he has served a copy of such affidavit upon the Committee Counsel Disciplinary Counsel.

3. C.R.C.P. 241.21(b) provided, in part:
    An attorney against whom an order of . . . suspension . . . has been entered shall promptly notify in writing by certified mail each client whom the attorney represents in a matter still pending of the order entered against the attor-

ney and of the attorney's consequent inability to act as an attorney after the effective date of such order, and advising such clients to seek legal services elsewhere. In addition, the attorney shall deliver to each client all papers and property to which the client is entitled.

4. Disciplinary charges involving the Munizes were the subject of GC 98B–25, and are addressed below.

5. C.R.C.P. 241.21(c) provided in part:
    A lawyer against whom an order of . . . suspension . . . is entered and who represents a client in a matter involving litigation or proceedings before an administrative body shall notify that client as required by subsection (b) of this Rule, and shall recommend that the client promptly obtain substitute counsel. *In addition, the lawyer must notify in writing by certified mail the opposing counsel of the order entered against him and of his consequent inability to act as a lawyer after the effective date of the order.*
    (Emphasis added.) The current provision is C.R.C.P. 251.28(c).

Price had been hired by Roger and Barbara Price, who are not related to the respondent, to appeal an order of the United States District Court that had granted summary judgment against them. Despite conflicting evidence, the hearing board found that Price was still representing these clients when he was suspended. Price failed to notify them of his suspension by certified mail, as required by C.R.C.P. 241.21(b) and (c). He also failed to advise the Prices to hire substitute counsel.

In November 1996, Price agreed to represent Jyoti Patel in an employment discrimination case. Patel had received a right-to-sue letter from the Equal Employment Opportunity Commission in September. Price accepted $400 from Patel, but failed to file suit on Patel's behalf before he was suspended. Price did draft a complaint for Patel, and signed his own name over the signature block of another lawyer. The complaint was file stamped January 6, 1997. Resolving conflicting evidence, the board determined that the other lawyer did not authorize Price to sign the complaint over her name, and that neither she nor Patel was aware that she was supposed to be representing him. Concluding that Price was representing Patel at the time he was suspended, the board found that Price again violated C.R.C.P. 241.21 because he did not notify Patel of his suspension.

The hearing board noted that depression was a contributing factor in Price's suspension, and that he had been seeing a clinical psychologist for therapy. Although Price had not resolved the marital problems underlying his depression, his psychologist testified that Price was better able to cope because of the therapy. Finally, the board found that while he was suspended, Price listened to some (unspecified) CLE tapes, but did not attend formal CLE classes.

Following the hearing, the board concluded that Price had not proved by clear and convincing evidence that he had been rehabilitated, that he had complied with all of the disciplinary orders, and that he was once again fit to practice law.

First, Price failed to notify all of his clients by certified mail of his suspension, and failed to notify opposing counsel in the Muniz case.

He did not file a list of pending matters with this court after being suspended. This violated C.R.C.P. 241.21. Thus Price failed to demonstrate compliance with all disciplinary orders.

Second, the board noted that Price's neglect of client affairs was involved in his suspension. It found that Price had not proved by clear and convincing evidence that neglect would not continue to be a problem if he were reinstated. As evidence of this, the board pointed to Price's failure to send all of the client notification letters by certified mail, return receipt requested, and that Price's petition for reinstatement did not include all of the documents required by C.R.C.P. 241.22(c)(1). This, however, was not a significant factor in its decision to recommend that Price not be reinstated. More important to the board's concerns about the issues of Price's rehabilitation and fitness to practice was the fact that Price's marital problems had not been resolved at the time of the hearing, notwithstanding that he testified that this was a reason for his suspension in the first place.

The board also commented that Price was apparently unable to recognize or admit responsibility for his own actions. Thus, Price did not acknowledge that he was representing the Munizes at the time of his suspension, and took no steps to return their file to them or assist them to find another lawyer to handle their case. Price also failed to acknowledge that he was representing Mr. and Mrs. Price or Jyoti Patel at the time of his suspension. Because Price "neglected or failed to recognize or take seriously his obligation to fulfill all the requirements of his suspension and his readmission" the board recommended that Price's petition for reinstatement be denied.

## B. Case No. GC 98B–25 (Muniz)

This was the regulation complaint that was filed before Price's petition for reinstatement. It involves the Munizes, as did some of the allegations in the reinstatement case. In July 1996, Price agreed to represent the Munizes in an administrative matter against the Adams County School District for a flat

fee of $2,500, which they paid him. Price requested a hearing. The parties selected a hearing officer in August 1996, but Price decided that this person was too familiar with some of the school officials, so, with his clients' concurrence, Price withdrew the request for a hearing. He did this with the expectation that if he filed a second request for a hearing, it could be before a new hearing officer. On about the same day that this court entered the order suspending him, December 16, 1996, Price filed the second request for a hearing. He told his clients in late December on the telephone that he had filed the new request and that he expected a new hearing date to be set for February 1997. He did not tell them that he had been suspended, effective January 15, 1997. (As noted in the reinstatement case, Price did send a letter in January advising the Munizes that he had been suspended, but they never received it because it was addressed incorrectly.) The Munizes tried to contact Price numerous times by telephone, without success, and left messages on his voice mail, which he did not return, through April 1997, after which Price's phone was disconnected.

The same hearing officer was appointed again to hear the Muniz case. When he read about Price's suspension in the newspapers, the officer tried to contact him, without success.

The hearing board found that Price was representing the Munizes in a pending matter when he was suspended, that Price did not complete his representation of the Munizes, but that he did not return the unearned portion of the $2,500 fee. Price therefore neglected a legal matter entrusted to him, contrary to Colo. RPC 1.3, and he failed to communicate appropriately with his clients in violation of Colo. RPC 1.4(a). Upon the termination of his representation of the Munizes because of his suspension, Price failed to take reasonable steps to safeguard his clients' interests; he did not return their file to them; and he failed to refund to them the part of his fee that he had not earned. This violated Colo. RPC 1.16(d).

### C. Case No. GC 98B–107

The hearing board found that this complaint contained issues related to the reinstatement proceeding, specifically whether Price had complied with the provisions of C.R.C.P. 241.21 after he was suspended. It concluded that the evidence that was relevant to that proceeding should only be considered as it bore on the issue of reinstatement, and recommended that the complaint in No. GC 98B–107 be dismissed. Because the complainant did not file exceptions to the dismissal we do not consider this matter any further.

### III.

Price filed exceptions to the board's recommendations that his reinstatement be denied and that he be suspended for the conduct proved in No. 98B–25. We first address Price's exceptions to the board's recommendation that he not be reinstated.

■ Price maintains that he satisfied his burden to prove by clear and convincing evidence that he had been rehabilitated, that he had complied with all applicable disciplinary orders, and that he was once again fit to practice law. C.R.C.P. 241.22(b). With some justification, Price points out that the hearing board did not make explicit findings on the first and third factors whether he had been rehabilitated and whether he was fit to practice. Instead, the board's findings and conclusions focused on the second requirement whether Price had complied with all applicable disciplinary orders following his suspension. The hearing board found that he had not. While we believe that it would have been the better practice for the board to have made findings with respect to all three factors, its failure to do so was harmless in this case.

■ A lawyer suspended for more than one year, like Price, must prove three things by clear and convincing evidence—rehabilitation, compliance with disciplinary orders, and fitness to practice. C.R.C.P. 241.22(b). Because the lawyer seeking reinstatement must prove that all three factors exist, a failure of proof on any one factor is fatal to the lawyer's reinstatement. Thus, if Price did not prove the existence of any one of the factors, he will not be reinstated. The hearing board

found that Price did not prove the second factor—that he had complied with all applicable disciplinary orders. It was not strictly necessary for the board to discuss the other two factors when they recommended that Price not be reinstated.

A lawyer's petition for reinstatement must contain, among other things, "[e]vidence of compliance with all applicable disciplinary orders and with all provisions of this Chapter regarding actions required of suspended lawyers." C.R.C.P. 241.22(c)(4). At the reinstatement hearing, the complainant "may present evidence bearing upon matters in issue, and the petitioner seeking reinstatement shall bear the burden of proving by clear and convincing evidence the averments in the petition." C.R.C.P. 241.22(d). Price's reinstatement petition stated:

> In closing his practice, respondent [Price] endeavored to the utmost of his ability to ensure easy transition of his former clients to new counsel and made himself available to new counsel to provide any information to assist clients.

> 4. Respondent prepared but neglected to file a list of pending matters with the affidavit he filed pursuant to Rule 241.21(d). Respondent learned only recently that the list had not been filed. It is attached to this petition. Other than that oversight, respondent has complied with all applicable disciplinary orders and with all provisions of this court's Rules of Procedure Concerning Lawyer Discipline and Disability ... that are related to required actions of suspended attorneys:

> a) Respondent notified all clients of his suspension;

> b) Respondent notified parties in litigation of his suspension, and;

> c) Respondent timely filed the affidavit required by C.R.C.P. 241.21 with Grievance Committee Counsel and Disciplinary Counsel.

The complainant's answer stated that the petition should be held in abeyance until the grievance matter in GC 98B–25 (related to the Munizes) was resolved. The answer indicated that the allegations in the Muniz disciplinary case related to Price's behavior after he was suspended and whether he complied with the rules related to notice to clients and other parties. The complainant later withdrew the request to put the reinstatement case in abeyance and asked that the matters be consolidated, which they were. The complainant also filed a supplement to its original answer to Price's petition, which recited the allegations pertaining to Roger and Barbara Price and to Jyoti Patel. There is no question, therefore, that Price received adequate notice of basis of the complainant's objections to his reinstatement petition.

■ Nevertheless, Price argues that the complainant's specific averments regarding the Munizes, Prices, and Patel were in the nature of affirmative defenses to his petition for reinstatement. Under this theory, the complainant bore the burden of proving those averments. We disagree. Price's petition for reinstatement alleged that he had complied with all of the provisions of C.R.C.P. 241.21 in providing notice to clients and other parties of his suspension. He also asserted that he "endeavored to the utmost of his ability to ensure easy transition of his former clients to new counsel and made himself available to new counsel to provide any information to assist clients." *See* C.R.C.P. 241.21(b), (c).

C.R.C.P. 241.22(d) provides that, while the complainant "may present evidence bearing upon the matters at issue," Price bore "the burden of proving by clear and convincing evidence the averments in the petition." This was exactly what the hearing board found that Price had not done; he had not proved compliance with all of the disciplinary orders and rules governing lawyers who have been suspended.

When the complainant introduces evidence of specific instances where Price has not complied with the orders and rules, it is merely refuting averments contained in the petition. Such refutation does not become an affirmative defense that shifts the burden to the complainant. We hold that Price always had the burden of proving the existence of the three reinstatement factors by clear and convincing evidence.

■ The question then is whether the board's finding that Price had not complied with all applicable disciplinary orders and rules is supported by substantial evidence in the record. If it is, we will not overturn it. *In re Quiat,* 979 P.2d 1029, 1038 (Colo.1999). We conclude that the record amply supports the determination that Price failed to notify all of his clients and opposing counsel in the Muniz case by certified mail of his suspension; that he did not file a list of pending matters with this court after being suspended; and that Price failed to acknowledge that he was representing Mr. and Mrs. Price or Jyoti Patel at the time of his suspension.

Most important, however, the record demonstrates that Price did not take appropriate steps to ensure that the Munizes were protected despite his suspension, and he did not return their file to them or assist them to find another lawyer to handle their case. We conclude that the board was correct when it found that Price had failed to establish that he had complied with all applicable disciplinary orders and rules.

■ A separate question is whether Price's failure to comply with the orders and rules is sufficient in itself to deny reinstatement. Price asserts that any failure on his part to comply with the orders was too minor to deny his reinstatement. We have not previously considered this precise question.[6]

Price points to a recent decision of the presiding disciplinary judge that does address this issue. In *People v. Berkley,* 99PDJ073, slip op. at 4–7 (Colo. PDJ Dec. 7, 1999), the PDJ and the hearing board considered Martin J. Berkley's petition for reinstatement. Specifically, the board noted that a petition for reinstatement requires evidence that the lawyer has complied with all applicable disciplinary orders or rules. *Id.* at 5. The board found that Berkley had not strictly and literally complied with all of the provisions governing the conduct of lawyers after being suspended. Specifically, Berkley had not filed an affidavit with this court of pending matters, had not provided notice to other jurisdictions in which he was licensed

that Colorado had suspended him, and had not paid the costs of the proceeding when they were due. *Id.* at 6.

■ The board concluded that a lawyer's failure to follow strictly and literally the orders and rules following his suspension did not necessarily bar reinstatement. We agree with that statement. Technical violations of the disciplinary orders and rules will not always preclude reinstatement. What is most important is the nature of the violations. In deciding to reinstate Berkley, the hearing board emphasized that at the time of his suspension, Berkley had no clients and was not counsel to anyone in pending litigation. Thus, his failure to provide all of the required notices of his suspension had no effect on any clients or opposing parties. *Id.* at 6–7.

This is a different case, however. Price did have clients and was involved in pending litigation at the time of his suspension. His failure to provide the required notice to all of his clients and to opposing counsel had the potential of causing harm. Unlike the lawyer's noncompliance in the *Berkley* case, Price's violation of disciplinary orders and rules adversely affected the protections afforded to the public by those orders and rules. Price's failure to comply with those orders and rules is therefore sufficient for us to deny his petition for reinstatement. However, given the record in this case, and the basis for our denial of the petition, we decline to order Price to attend Ethics school and a seminar on law office management as conditions before he may again seek reinstatement.

## IV.

■ Price next argues that the denial of his petition for reinstatement *and* the discipline in the Muniz case, which are based on some of the same facts, violate due process. He claims that the imposition of two "consequences" or "punishments" for his misconduct in the Muniz case violates fundamental notions of fairness. We disagree.

---

6. In *People v. Klein,* 756 P.2d 1013, 1016 (Colo. 1988), we discussed the issues that should be addressed concerning whether a suspended lawyer who is seeking reinstatement has shown rehabilitation. That case did not involve noncompliance with disciplinary orders and rules.

A reinstatement proceeding is not discipline. It is a way for a lawyer who has been suspended for more than a year to establish fitness to practice law again. Nor are disciplinary proceedings punishment. *People v. Marmon,* 903 P.2d 651, 655 (Colo. 1995). Had Price committed misconduct that warranted disbarment during the period of his suspension, *e.g., In re C de Baca,* 11 P.3d 426, 430 (Colo.2000), the fact that he had a petition for reinstatement pending would not have precluded both his disbarment and the consequent denial of the petition.

However, we have decided to reject the board's recommendation of an additional suspension for a year and a day. The primary purpose of disciplinary proceedings is to protect the public. *People v. Murray,* 887 P.2d 1016, 1023–24 (Colo.1994). Under C.R.C.P. 251.29(g), Price is precluded from again seeking reinstatement for two years after his first reinstatement petition was denied. An additional suspension for a lesser period of time to run concurrently with these two years does not increase the protection afforded to the public. Thus, although we conclude that the board's findings and conclusions in No. GC 98B–25 are supported by the record, we decline to accept its recommendation of suspension.

### V.

Accordingly, it is ordered that Price's petition for reinstatement is denied, effective February 2, 1999, the date of the hearing board's decision. Price is ordered to pay the costs of the reinstatement proceeding in the amount of $734.92, within thirty days of the date on this decision, to the Attorney Regulation Committee, 600 Seventeenth Street, Suite 200 South, Denver, Colorado 80202–5432.