**The PEOPLE of the State of Colorado, Complainant,**

**v.**

**Ben KLEIN, Attorney–Respondent.**

**No. 81SA280.**

Supreme Court of Colorado,
En Banc.

June 20, 1988.

Linda Donnelly, Disciplinary Prosecutor, Denver, for complainant.

Leonard Chesler, Denver, for attorney-respondent.

KIRSHBAUM, Justice.

On September 15, 1972, this court suspended the respondent, Ben Klein, from the practice of law for an indefinite period of time, but in no event less than three years, for his conduct in a grievance proceeding conducted by the Supreme Court Grievance Committee. *People v. Klein,* 179 Colo. 408, 500 P.2d 1181 (1972). The respondent fabricated certain documents and presented them to the Committee in defense of the then pending allegations of professional misconduct. He also falsely testified to the Committee concerning the preparation of the documents. In December 1972, the respondent obtained the professional ser-

vices of a psychiatrist and commenced treatment for mental illness.

In 1973, a complaint was filed with the Committee alleging one count of professional misconduct by the respondent in connection with the preparation of a document in a case in the United States District Court for the District of Colorado. The respondent filed an answer with the Committee asserting that he was mentally disabled and therefore unable to prepare any defense at that time. The respondent also filed a motion with this court regarding the reconsideration of the 1972 suspension order or, alternatively, a new trial on the ground that the respondent was mentally disabled at the time he participated in the initial grievance proceeding. The motion was referred to the Committee for its consideration.

In April of 1976 the disciplinary prosecutor filed an amended complaint in the pending grievance proceeding alleging as a second count that the respondent was convicted of five counts of violations of federal income tax laws for the years 1966–1970. The respondent filed an answer to the amended complaint alleging that he was mentally disabled at the time the tax offenses occurred and that he was still unable to participate meaningfully in the pending grievance matter. A defense based on the respondent's mental condition during the years 1966 to 1970 had been raised by the respondent during his federal tax evasion trial and had been rejected by the jury.

The grievance proceedings were held in abeyance until May of 1980, when the respondent was directed by the Committee to provide a status report concerning his mental condition. The respondent did so, and asserted that he had recovered from his mental disability. A pretrial conference was held in March of 1981, at which time the count alleging misconduct in the United States District Court case was dismissed and a hearing date of April 28, 1981, was confirmed respecting the remaining count.

The evidence adduced at the hearing established that the respondent suffered from a serious mental illness from his teenage years through at least 1973, was still suffering some effects from that illness and at the date of the hearing was only marginally competent to proceed. At the conclusion of the hearing, the hearing board found that the respondent had been convicted of felony income tax evasion and that the conviction constituted a violation of C.R.C.P. 258, but that this violation was mitigated by the fact that the respondent suffered serious mental illness at the time of the federal offenses. The hearing board recommended denial of the respondent's pending motion for reconsideration or new trial. The board determined that although the respondent's mental illness may have impaired his ability to participate in the grievance proceeding underlying his 1972 suspension, the only remedy would have been to suspend the respondent from the practice of law and place him on disability inactive status—in effect, the same discipline the respondent had received. The hearing board recommended that the respondent's suspension be continued with no further time restriction as to when he might apply for reinstatement and that the respondent demonstrate a return to mental health as a precondition to such reinstatement. On December 17, 1981, this court adopted those findings and recommendations.

The respondent filed a petition for reinstatement with the Committee in November of 1982. The parties agreed to defer a hearing on the application until the respondent passed the Bar examination, as he was required to do by C.R.C.P. 241.22(b). Although the respondent failed to pass the July 1985 Bar examination, the parties agreed to proceed with a hearing on his reinstatement petition.

Three mental health professionals testified at the hearing, which was conducted on October 29, 1985. Each of them expressed the opinion that the respondent is now of sufficient mental health to permit him to resume the practice of law. Two of the witnesses recommended that any reinstatement be conditioned on the respondent continuing therapy, undergoing independent psychiatric examinations periodically

and agreeing to a monitoring program performed by an independent attorney.

The hearing board concluded that the respondent could safely resume the practice of law and recommended his reinstatement, subject to several conditions, including the requirements that he continue in treatment, obtain assistance in administering his legal practice, maintain detailed financial records of his practice and file numerous reports periodically with the Committee. Two inquiry panels reviewed the findings and recommendation of the hearing board. Both of the inquiry panels sent the matter back to the hearing board for further consideration with respect to the respondent's rehabilitation, his eligibility for reinstatement and whether the extensive conditions of reinstatement initially recommended were necessary or desirable.

While the matter was pending before the hearing board, the respondent passed the February 1987 Colorado Bar examination. In addition, by agreement of the parties, a supplemental evaluation of the respondent, concluding that the respondent was mentally capable of practicing law, was prepared by an independent evaluator and forwarded to the hearing board. However, the hearing board issued its final report apparently without considering the additional information provided by the independent evaluator.

The hearing board concluded that the respondent had satisfied his burden of demonstrating by clear and convincing evidence his return to mental health. The hearing board nevertheless recommended denial of the respondent's request for reinstatement on the ground that he had not demonstrated a clear understanding of the wrongfulness of his conduct and, therefore, was not rehabilitated. Two inquiry panels approved the recommendation, though there were two dissenting votes on one panel. Both the respondent and the disciplinary prosecutor have filed briefs opposing the recommendation and urging that the respondent be reinstated to the practice of law.

Colorado Rule of Civil Procedure 241.-19(a) provides that if a lawyer's mental illness is shown by clear and convincing evidence to have caused his professional misconduct, that misconduct shall not constitute grounds for discipline; rather, in such circumstance the lawyer is transferred to disability inactive status. Pursuant to C.R.C.P. 241.23(a), the only issues arising at such time as reinstatement is sought are the lawyer's current mental health and professional competence. These rules were not in effect in 1972. However, this court's December 17, 1981, order of suspension requiring the respondent to demonstrate a return to mental health at such time as he might apply for reinstatement arguably applied the standards of C.R.C.P. 241.19(a) and C.R.C.P. 241.23(a) to this proceeding. The evidence in the record is uncontroverted that the respondent has been sufficiently restored to mental health to permit him to resume the practice of law. The evidence also is uncontroverted that the respondent is professionally competent. He has thus not only met the burden imposed by this court in 1981 of demonstrating by clear and convincing evidence that he is restored to mental health, but has also satisfied the requirements of C.R.C.P. 241.23(a).

Colorado Rule of Civil Procedure 241.22, which describes the procedures applicable to petitions for readmission after disbarment and reinstatement after suspension, states in pertinent part as follows:

A lawyer who has been suspended for a period longer than one year must petition the Supreme Court for reinstatement and must prove by clear and convincing evidence that he has been rehabilitated....

Colorado Rule of Civil Procedure 241.-22(c)(3) requires a petition for reinstatement to include the following:

The facts other than passage of time and absence of additional misconduct upon which the petitioning lawyer relies to establish that he possesses all of the qualifications required of applicants for admission to the Bar of Colorado, fully considering the previous disciplinary action taken against him....

The petition filed by the respondent unquestionably satisfies the requirements of

C.R.C.P. 241.22(c)(3). Assuming that the respondent must also establish his rehabilitation by clear and convincing evidence, any determination of that issue must include consideration of numerous factors bearing on the respondent's state of mind and ability, such as character, conduct since the imposition of the original discipline, professional competence, candor and sincerity, recommendations of other witnesses, present business pursuits of the respondent, the personal and community service aspects of the respondent's life, and the respondent's recognition of the seriousness of his previous misconduct. *See* Law. Man. on Prof. Conduct (ABA/BNA) 101:3005 (factors for determining rehabilitation of lawyers seeking reinstatement after suspension). The record establishes that the respondent has been actively engaged in civic, charitable, religious and educational activities for many years. Attorneys for whom the respondent has completed legal research projects testified that he was competent and fully capable of performing legal services. The respondent has made arrangements to have his tax returns prepared and filed by an accountant, and that accountant testified that he has always received sufficient information from the respondent to permit the timely filing of the requisite returns. This evidence strongly supports the conclusion that the respondent satisfied his burden of establishing his rehabilitation.

In its reconsideration of the record, the hearing board emphasized certain statements made by the respondent during the 1985 hearing to the effect that his earlier misconduct occurred during a period of his life when he suffered from a mental disability. Those statements were supported by uncontradicted evidence from qualified medical experts. Furthermore, the respondent testified unequivocally that he was remorseful for his prior misconduct, whatever causes might have prompted that conduct. We conclude that the record as a whole establishes by clear and convincing evidence that the respondent is rehabilitated.

The evidence is uncontroverted that the respondent has regained his mental health, is not by reason of any mental illness unable to practice law, and is competent to practice law. The respondent has offered to accept numerous responsibilities as conditions to his reinstatement as a practicing attorney, including the continuance of treatment by his treating physician and by an independent psychiatrist and the filing of periodic reports describing such treatment; the supervision of his law practice by an attorney and, if that practice be in the private rather than the public sector, by an accountant; and the filing of periodic reports concerning the administration of his business accounts. While the respondent would probably benefit from these programs, we do not feel numerous and elaborate reporting mechanisms should be imposed as conditions of reinstatement. We do conclude, however, that the respondent should supply the committee with semi-annual reports describing his practice of law and his continuing therapy, if any, for a period of three years. Of course, any indication of professional misconduct by the respondent brought to the attention of the Committee or this court would result in immediate and grave consequences.

For the foregoing reasons, the respondent's petition for reinstatement to the practice of law is granted, subject to the reporting requirement above indicated. The respondent is ordered to pay the costs of these proceedings, in the amount of $814.21, such sum to be paid to the Supreme Court Grievance Committee, 600–17th Street, Suite 500–S, Denver, Colorado 80202–5435, within thirty days from the date of the announcement of this opinion.

ERICKSON and VOLLACK, JJ., do not participate.