**Patrick A. EGBUNE, Petitioner,**

v.

**The PEOPLE of the State of Colorado, Respondent.**

**No. 00PDJ058.**

Office of the Presiding Disciplinary Judge of the Supreme Court of Colorado.

Jan. 16, 2001.

Opinion by the Presiding Disciplinary Judge ROGER L. KEITHLEY and Hearing Board members KATHRYN S. LONOWSKI and ROBERT M. MAES.

## OPINION AND ORDER DENYING REINSTATEMENT

*REINSTATEMENT DENIED*

This reinstatement matter was heard on November 7, 2000, pursuant to C.R.C.P. 251.29(b) and (c) before the Presiding Disciplinary Judge ("PDJ") and two hearing board members, Kathryn S. Lonowski and Robert M. Maes, both members of the Bar. James S. Sudler, Assistant Attorney Regulation Counsel represented the People of the State of Colorado (the "People") and Patrick A. Egbune ("Egbune") represented himself. The PDJ and Hearing Board heard testimony on behalf of Egbune from Erich Halvorsen, Carla Shoeboot, Richard Dennis Semakula and Karen Mack. Egbune testified on his own behalf. Neil Weiner, M.D. and David S. Wahl, M.D. testified on behalf of the People. Egbune's exhibits 1 through 13 and the People's exhibits 1 through 5 were offered and admitted into evidence by stipulation.

The PDJ and Hearing Board considered the testimony and exhibits admitted, assessed the credibility of the witnesses, considered the argument set forth in the parties' respective trial briefs, and made the following findings of fact which were established by clear and convincing evidence:

## I. FINDINGS OF FACT

Egbune was licensed to practice law in the State of Colorado on May 9, 1991, attorney registration number 20397. He was suspended from the practice of law for one year and one day by Order of the Supreme Court in case no. 98SA120 and case no. 98SA206. *In re Egbune*, 971 P.2d 1065 (Colo.1999), *cert. denied*, 526 U.S. 1115, 119 S.Ct. 1762, 143 L.Ed.2d 793 (1999). The suspension resulting from the Supreme Court's Order was effective February 20, 1999.

The disciplinary suspension imposed against Egbune arose from two separate events of misconduct. In case no. 98SA206, the more serious of the events, Egbune was found to have violated Colo. RPC 8.4(b) by engaging in conduct which would violate § 18–3–404(1)(a), 5 C.R.S. (1998), third-degree sexual assault. Specifically, Egbune was found to have inappropriately touched a female client in his office. In addition, in case no. 98SA120, Egbune was found to have violated Colo. RPC 3.3(a)(1)(making a false statement to a tribunal) by recklessly accusing a judge and opposing counsel of having improper *ex parte* communications. Egbune was ordered to pay costs in the amount of $2,899.01.

On May 12, 2000, in a separate disciplinary action, case no. GC98A13, involving misconduct which occurred both prior to and concurrently with the misconduct for which the one year and one day suspension was imposed, the PDJ and Hearing Board suspended Egbune from the practice of law for a period of six months commencing upon the expiration of his prior suspension. In that disciplinary action, Egbune assumed responsibility for a contingent fee action from another attorney knowing that the prior attorney claimed a portion of any recovery to satisfy his attorney's fees. He settled the action on terms which had been secured by the prior attorney, and disbursed funds resulting from the settlement without notifying the prior attorney or segregating the disputed funds in a trust account. Egbune was found to have violated Colo. RPC 1.15(a)(failure to segregate and maintain disputed funds), Colo. RPC 1.15(b)(failure to provide an accounting), Colo. RPC 1.15(c)(failure to keep funds separate), Colo. RPC 1.5(a)(charging an unreasonable fee), Colo. RPC 8.4(c)(engaging in conduct involving dishonesty, fraud deceit or misrepresentation) and Colo. 8.4(h)(other conduct reflecting adversely upon fitness to practice law). Egbune was ordered to pay costs in the amount of $205.22.

Pursuant to C.R.C.P. 241.21,[1] which was in effect at the time of Egbune's suspension, Egbune filed the requisite affidavit following the effective date of his one year and one day suspension. Egbune paid all costs assessed in the respective disciplinary actions. In addition, Egbune reached an agreement in accordance with the Orders issued in the six month suspension case.

1. C.R.C.P. 241.21 was replaced by C.R.C.P. 251.28 effective January 1, 1999.

In addition to the disciplinary cases set forth herein, Egbune was the subject of a disability action commenced in 1996, case no. 96SA270. On August 29, 1996 the Supreme Court transferred him to disability inactive status. On November 12, 1997, as a result of an agreement reached between Egbune and the People, Egbune was reinstated to the practice of law on the express condition that reports regarding his bi-polar condition be submitted by his treating physician to the People every three months. Until approximately July 30, 1998 Egbune complied with the reporting condition. Thereafter, Egbune failed to submit or cause to be submitted any reports regarding his mental condition as required by the disability reinstatement order.

On July 19, 2000, Egbune filed a Petition for Reinstatement with the PDJ and tendered the $500.00 deposit for the costs of the reinstatement proceeding in accordance with C.R.C.P. 251.29. On July 31, 2000, the People filed an Answer to the Petition. Upon the conclusion of their investigation authorized by C.R.C.P. 251.29(d), the People supplemented their Answer on September 15, 2000 and opposed reinstatement.

During the period of his suspensions, Egbune has been employed as an automobile salesman. Two of his co-workers testified on his behalf that he was of good moral character and had not engaged in any inappropriate conduct of which they were aware. Egbune testified that he has learned from his prior misconduct and discipline and will not engage in similar conduct in the future. Egbune represented to the PDJ and Hearing Board that any future contact with female clients will take place in the presence of a third person so as to eliminate any possibility of improper conduct.[2]

Egbune directed a significant portion of his testimony to minimizing the significance of his prior misconduct or directly denying it. Although he expressed his acceptance of the prior findings of misconduct and voiced the opinion that he had "learned his lesson," he denied that any sexual misconduct ever oc-curred between himself and his prior client, disagreed that his conduct in the contingent fee case was at variance with required professional norms, and evidenced no awareness of the seriousness of his prior actions. Egbune acknowledged that he had not sought any professional assistance arising out of the sexual abuse situation nor sought professional input regarding his perception of the incident.

Although evidence was presented that Egbune had completed forty-six hours of continuing legal education credits by home study and four hours by seminar since the date of his first suspension, insufficient evidence was tendered regarding the nature of those courses, apart from the course titles and the distribution of general and ethics credits, from which the PDJ and Hearing Board could compare Egbune's efforts to educate himself with regard to the specific misconduct previously found.

Both Dr. Wiener and Dr. Wahl gave testimony regarding Egbune's mental status, their diagnosis and prognosis regarding the impact of his condition on his general fitness to practice law. Neither Dr. Wiener nor Dr. Wahl expressed the opinion that Egbune's mental condition prevented him from practicing law.

## II.  CONCLUSIONS OF LAW

Egbune is subject to the jurisdiction of this court pursuant to C.R.C.P. 251.1(b).

C.R.C.P. 251.29(b) provides, in part:

An attorney who has been suspended for a period longer than one year must file a petition with the Presiding Disciplinary Judge for reinstatement and must prove by clear and convincing evidence that the attorney has been rehabilitated, has complied with all applicable disciplinary orders and with all provisions of this chapter, and is fit to practice law.

■  Thus, an attorney who has been suspended from the practice of law must bear the burden of proving that he or she is: (1)

---

**2.** Egbune did not address the impact of this proposed procedure on the integrity of the attor-ney client privilege.

rehabilitated; (2) has complied with all applicable disciplinary orders and all provisions of the Colorado Rules of Civil Procedure relating to attorney discipline regarding actions required of suspended attorneys, and (3) is fit to practice law. All three of the elements of proof must be established before reinstatement may be authorized.

■ Imposition of discipline against an attorney includes a determination that some professional or personal shortcoming existed upon which the discipline is premised. The shortcoming may have resulted either from personal deficits or from a combination of personal deficits and professional deficits and/or inadequacies in the professional environment. It necessarily follows that the analysis of rehabilitation should be directed at the professional or moral shortcoming which resulted in the discipline imposed. *See* C.R.C.P. 251.29(c)(5); *Tardiff v. State Bar*, 27 Cal.3d 395, 165 Cal.Rptr. 829, 612 P.2d 919, 923 (1980)(*citing Roth v. State Bar*, 40 Cal.2d 307, 253 P.2d 969, 972 (1953)(holding that in an application for reinstatement ... the proof presented must be sufficient to overcome the court's former adverse judgment of [the] applicant's character)).

■ Consideration of the issue of rehabilitation requires the PDJ and Hearing Board to consider numerous factors bearing on the petitioner's state of mind and professional ability, including character, conduct since the imposition of the original discipline, professional competence, candor and sincerity, present business pursuits, personal and community service, and the petitioner's recognition of the seriousness of his previous misconduct. *See People v. Klein*, 756 P.2d 1013, 1016 (Colo.1988). Under the factors set forth in *Klein*, the PDJ and Hearing Board find that Egbune did not establish by clear and convincing evidence that he is rehabilitated or possesses the requisite ability and professional competence to practice law.

■ Neither the mere passage of time nor personal assurances of future compliance, standing alone, should be interpreted as rehabilitation. *In re Sharpe*, 499 P.2d 406, 409 (Okla.1972). In the case of *Goff v. People*, 35 P.3d 487, 493–497 (Colo. PDJ 2000) 29 Colo.

Law. 126, 128–130 (October 2000) the PDJ and Hearing Board undertook a thorough analysis of the requirements of C.R.C.P. 251.29. That analysis neither changed nor enhanced the standard of proof required for reinstatement. Rather, it set forth the decisional methodology utilized in determining whether rehabilitation has been accomplished.

The evidence presented in this reinstatement hearing does not meet the required standard of proof that rehabilitation has been achieved. Egbune's initial suspension from the practice of law arose from serious misconduct involving sexual improprieties with a client and unsupported allegations of misconduct against a judge and opposing counsel. Although Egbune has consistently denied the sexual improprieties, the hearing panel which heard that case determined that the issue turned upon the credibility of the witnesses presented and found the female client's version of events more credible. The Supreme Court, after reviewing that decision, affirmed its findings. Since that time, Egbune has neither accepted the conclusion of the objective fact finders that his conduct was improper, nor sought insight into his continuing perception that the conduct did not violate professional requirements. Indeed, Egbune's only response to the sexual misconduct finding is to deny that it ever occurred.

Insufficient evidence was presented in this matter directed to those efforts undertaken by Egbune, if any, to rehabilitate himself from his advancement of unsupported allegations against a judge and opposing counsel. The facts set forth in the Colorado Supreme Court opinion imposing the original suspension reflect Egbune's willingness to advance allegations of misconduct against others based entirely upon surmise and conjecture without any supportable factual basis. Although it appears from the evidence that Egbune completed fifty hours of continuing legal education courses following his suspension, insufficient evidence was presented from which it may be determined that the courses were focused upon the duties and obligations of attorneys to investigate circumstances before advancing allegations of improper conduct before a tribunal. More-

over, even if one or more of the courses taken did address that issue, there is no evidence indicating that Egbune either understands that responsibility or accepts it.

Egbune's second suspension arose from the manner in which he handled a contingent fee matter transferred to him from another attorney. The findings in that case reflect a basic misunderstanding by Egbune of his duties and responsibilities both to prior counsel and his client, a willingness to engage in deceptive conduct for personal gain and a lack of knowledge regarding the applicability of The Rules of Professional Conduct to the retention of disputed funds. No evidence was offered by Egbune—apart from his own testimony in which he sought to justify and minimize his misconduct—from which it can be determined that he has made any successful effort to gain a greater understanding of his duties and responsibilities to his client or others who claim an interest in disputed funds or to recognize that The Rules of Professional Conduct, as opposed to his observation and interpretation of the actions of others, govern his professional conduct.

 *Goff, supra,* recognizes the principle that rehabilitation requires proof by clear and convincing evidence that the personal and/or professional deficiencies which resulted in the original discipline have, in fact, been eliminated. *Goff,* 35 P.3d 487, 495, 29 Colo. Law. at 129 (holding that the analysis of rehabilitation should be directed at the professional or moral shortcoming which resulted in the discipline imposed). Neither personal assurances that the conduct will not recur nor passive attendance at Continuing Legal Education courses, without more, meet that standard. There must be evidence of positive and successful efforts to correct the deficits from which the original misconduct arose. No such evidence was presented in this reinstatement hearing.

Because Egbune has failed to establish by clear and convincing evidence that he has been rehabilitated, we cannot conclude that he is fit to practice law. *See Goff,* 35 P.3d at 496, 29 Colo. Law. at 130. Moreover, undis-

puted evidence presented in this proceeding establishes that over an extended period of time, Egbune has failed to comply with the Supreme Court's Order arising out of his 1996 disability inactive status proceeding. His failure to comply with that Order over the stated period of time, whether through misunderstanding, neglect or conscious choice, precludes any finding of fitness to practice law.[3]

### III. ORDER

It is therefore ORDERED:

Patrick A. Egbune's Petition for Reinstatement to the practice of law is herein DENIED.

---

**3.** Under C.R.S.P. 251.29(b), Egbune's disciplinary reinstatement requires proof of compliance with all provisions of the Colorado Rules of Pro-

cedure Regarding Attorney Discipline and Disability, Chapter 20.