The PEOPLE of the State of
Colorado, Complainant,

v.

Arminta S. SCHOEDEL, Respondent.

No. 01PDJ058.

Office of the Presiding Disciplinary Judge
of the Supreme Court of Colorado.

Nov. 7, 2001.

Opinion by the Presiding Disciplinary
Judge ROGER L. KEITHLEY and Hearing
Board members TERRY ROGERS and J.D.
SNODGRASS, both members of the bar.

## OPINION AND ORDER REINSTATING ARMINTA S. SCHOEDEL TO THE PRACTICE OF LAW

*ATTORNEY REINSTATED*

This reinstatement matter was heard on September 7, 2001, pursuant to C.R.C.P. 251.29(b) and (c) before the Presiding Disciplinary Judge ("PDJ") and two hearing board members, Terry Rogers and J.D. Snodgrass, both members of the Bar. James C. Coyle, Assistant Attorney Regulation Counsel represented respondent, the People of the State of Colorado (the "People"). Michael V. Makaroff appeared on behalf of petitioner, Arminta Sue Schoedel ("Schoedel") who was also present. The PDJ and Hearing Board heard testimony from Kermit Allard, Carolyn Pannell, Nancy English and John Mackey, all of whom testified as witnesses for Schoedel. Arminta Sue Schoedel testified on her own behalf. Petitioner's Exhibits 1 through 21 were admitted into evidence by stipulation.

The PDJ and Hearing Board considered the testimony and exhibits admitted, assessed the credibility of the witnesses, and made the following findings of fact which were established by clear and convincing evidence.

## I. FINDINGS OF FACT

Arminta Sue Schoedel, attorney registration number 26248, was licensed to practice law in the State of Colorado on October 23, 1995. She is subject to the jurisdiction of this court pursuant to C.R.C.P. 251.1(b).

On October 18, 1999, pursuant to a Conditional Admission of Misconduct (the "Stipulation") entered into by the parties and approved by the Presiding Disciplinary Judge, Arminta Sue Schoedel was suspended from the practice of law for a period of thirty (30) days, effective November 18, 1999. *See People v. Schoedel*, Case No. 99PDJ099 (Colo. PDJ October 18, 1999), 28 Colo. Law. 191–192 (December 1999), 1999 Colo. Discipl. LEXIS 42. As a condition of reinstatement, the Supreme Court required that Schoedel petition for reinstatement pursuant to C.R.C.P. 251.29(c) and timely pay the costs of that proceeding.

Schoedel's suspension arose from the stipulated facts set forth in the Stipulation in which Schoedel admitted to violations of the Colorado Rules of Professional Conduct in four separate matters. Schoedel failed to pay a bill or otherwise communicate with the party to whom she owed money in one matter. In two other matters, Schoedel failed to timely submit a client accounting and failed to keep the clients informed about the status of a matter and promptly comply with reasonable requests for information. In the fourth matter, Schoedel failed to timely refund a client retainer and failed to keep the client informed about the status of a matter and promptly comply with reasonable requests for information.

The People stipulated that Schoedel had substantially complied with all court orders relating to her suspension and further stated that the People did not oppose reinstatement. However, counsel for the People requested that Schoedel's reinstatement be conditioned by the imposition of periodic accounting reviews, peer monitoring and a requirement that Schoedel not engage in the solo practice of law, all for a defined period of time.

Prior to commencing a solo family law practice upon her admission to the bar in October, 1995, Schoedel was a full time registered nurse for fifteen years. While continuing to practice full time as a nurse, Schoedel commenced law school in 1990 and completed her law degree in 1995. In her last semester of law school, Schoedel's father, with whom she had a close relationship, became ill and was hospitalized. The manner in which her father was treated while hospitalized, the hospital personnel's refusal to allow Schoedel and other family members to be with their father during his final hours and her father's death under such circumstances resulted in significant mental and emotional trauma for Schoedel. She was able to put aside the grieving process and to deal with the mental and emotional problems associated with her father's death in such fashion that she was able to complete her law studies and commence her law practice. After she commenced practicing law, Schoedel continued to practice nursing on a part-time basis to provide additional income while she built up her law practice.

Soon after she commenced practicing law, Schoedel started treatment for depression and post-traumatic stress disorder. The delayed grieving process together with the mental and emotional problems that led to treatment caused Schoedel to leave her law practice in December, 1997. No grievances were filed against Schoedel prior to that time.

Schoedel continues to take anti-depressants but is not currently involved in therapy. David S. Wahl, M.D. concluded that Schoedel "is not impaired or disabled as a result of a psychiatric condition." Dr. Wahl also opined that Schoedel's "intense and disabling grief seems to have been adequately resolved."

In 1998, Schoedel resumed her nursing career on a full time basis, first in Denver at the Visiting Nurse Association and since June 3, 2000 as a branch manager at Icon Home Health in Ft. Collins. In both positions, Schoedel has supervised a number of other health professionals. In these positions, Schoedel has been a competent manager, has communicated well, has made appropriate decisions and has been an effective leader. Caroline Pannell, an attorney prac-

ticing in Fort Collins, has known and worked with Schoedel since 1995. Schoedel assisted Ms. Pannell with research and other paralegal activities beginning in 2000. Ms. Pannell practices in an office in Fort Collins with four other attorneys in an office-sharing arrangement. All the attorneys in the office have utilized Schoedel's research and paralegal services. Ms. Pannell describes Schoedel as very dependable, diligent, committed, trustworthy, mentally stable and a thorough researcher. At Schoedel's request, Ms. Pannell has agreed to act as a monitor for Schoedel and understands the requirements imposed on a practice monitor. Kermit Allard, a Certified Public Accountant licensed in Colorado for twenty-eight years, has agreed to provide tax, accounting and financial consulting services to Schoedel upon resumption of her law practice. Mr. Allard is familiar with the requirements imposed upon lawyers with respect to trust accounts and financial record keeping. He has committed to assist Schoedel with a law practice accounting system that will address receipts, disbursements and trust accounting consistent with the requirements imposed upon practicing attorneys by the Colorado Rules of Professional Conduct and Colorado statutes. All witnesses that were asked or provided such opinions were fully supportive of Schoedel's return to the practice of law and gave their unqualified recommendation that Schoedel be reinstated.

Schoedel has maintained her competence in the practice of law as evidenced by the services she has performed for practicing attorneys and the continuing legal education courses she has completed. The courses taken by Schoedel include emphasis on ethics, solo practice management and family law, the area of law to which Schoedel intends to return. The ethics courses attended by Schoedel reviewed issues relating to communications with clients and matters relating to the handling of client funds and trust accounts. The courses which Schoedel completed focused upon those deficiencies which led to her suspension. Schoedel now understands the necessity to return client funds promptly upon request and the necessity to timely respond to client inquiries.

Prior to and during the period of suspension, Schoedel utilized her medical skills in service to the community, and has been awarded commendations from organizations including Channel 9 News and the Muscular Dystrophy Association.

Schoedel candidly acknowledged her actions that led to the Stipulation and expressed her sorrow at her failure to pay a practice-related account payable, her lack of communications with her clients and her failure to timely return funds to her client. She acknowledged the responsibility involved in handling trust funds and expressed her sincere desire to return to the practice of law. Schoedel requested that conditions be imposed upon her reinstatement including a practice monitor and financial reporting requirements.

## II. CONCLUSIONS OF LAW

C.R.C.P. 251.29(c) provides that the petition for reinstatement must set forth:

(3) The facts other than passage of time and absence of additional misconduct upon which the petitioning attorney relies to establish that the attorney possesses all of the qualifications required of applicants for admission to the Bar of Colorado, fully considering the previous disciplinary action taken against the attorney;

(4) Evidence of compliance with all applicable disciplinary orders and with all provisions of this Chapter regarding actions required of suspended attorneys;

(5) Evidence of efforts to maintain professional competence through continuing legal education or otherwise during the period of suspension.

In addition to the requirements set forth above, in order to determine whether the attorney applying for reinstatement has been rehabilitated, the Hearing Board must consider the factors set forth in *People v. Klein*, 756 P.2d 1013, 1016 (Colo.1988). These factors include the petitioner's state of mind and professional ability, including character, conduct since the imposition of the original discipline, professional competence, candor and sincerity, present business pursuits, personal and community service, and

the petitioner's recognition of the seriousness of his previous misconduct. "[T]he analysis of rehabilitation should be directed at the professional or moral shortcoming which resulted in the discipline imposed." *Goff v. People*, 35 P.3d 487 (Colo. PDJ 2000), 29 Colo. Law. 126, 129 (October 2000) (citations omitted), 2000 Colo. Discipl. LEXIS 7.

Under the factors set forth in both C.R.C.P. 251.29 and *Klein, supra*, 756 P.2d at 1016, the PDJ and Hearing Board find that Schoedel established by clear and convincing evidence that she is rehabilitated, has complied with all disciplinary orders and is fit to practice law. While conditions should not ordinarily be imposed upon an attorney's reinstatement to the practice of law, based on the request for certain conditions by both Schoedel and the People as set forth in the Findings of Fact above, the PDJ and Hearing Board find it appropriate to impose conditions on Schoedel's reinstatement to practice as set forth in the Order of Reinstatement below.

## III. ORDER

It is therefore ORDERED:

1. Arminta Sue Schoedel is reinstated to the practice of law effective thirty-one days from the date of this Order subject to the following conditions:

A. Schoedel shall submit a plan through which the management of

Schoedel's clients' legal matters and her professional progress will be monitored by another lawyer for one year after reinstatement. Any such plan should permit Schoedel to apply to the Office of Attorney Regulation Counsel for termination of monitoring upon a showing that it is no longer necessary; and

B. Schoedel will maintain the following minimum records as to all bank accounts instituted or utilized by her, including specifically a COLTAF trust account, in any fashion whatsoever in the practice of law:

(i) original or duplicate deposit slips and cash receipts book, clearly identifying the date and source of all funds received and the client or matter for which the funds were received;

(ii) original canceled checks, all of which must be numbered consecutively;

(iii) other documentary support for all disbursements and transfers from the account;

(iv) a separate cash receipts and disbursements journal, including columns for receipts, disbursements, transfers and the account balance, and containing at least an identification of the client or matter for which the funds are received, disbursed, or transferred; the date on which all funds were received, disbursed or transferred; the check number for all disbursements; the reason for which all funds were received, disbursed or transferred;

(v) a separate file or ledger with individual entries for each client or matter showing all individual receipts, disbursements, or transfers in any unexpected balance, and containing the identification of the client or the matter for which the funds were received, disbursed or transferred; the date on which all funds were received, disbursed or transferred; the check number for all disbursements; and the reason for which all funds were received, disbursed or transferred; and

(vi) all monthly statements for all accounts.

C. Schoedel shall also direct any financial institution where she is a signatory on any bank account utilized in the practice of law to notify the Office of Attorney Regulation Counsel 600 17th Street, Suite 200–South, Denver, Colorado 80202, in the event any law firm or trust account check is returned due to insufficient funds or uncollected funds, absent bank error. Further, if any such check is returned, Schoedel shall likewise notify the Office of Attorney Regulation Counsel.

D. Schoedel shall file a written report with the Office of Attorney Regulation

Counsel one year from the date of this Order regarding the satisfactory maintenance of the financial aspect of her law practice and demonstrating her compliance with the conditions set forth above. The report shall contain the certificate of a certified public accountant verifying that the procedures set forth above were followed and that an audit demonstrated no irregularities in the handling of the operating and trust accounts. Said audit and report shall be conducted and complied with at Schoedel's sole expense.