Timothy A. BULLOCK, Petitioner,

v.

The PEOPLE of the State of
Colorado, Respondent.

No. 03PDJ037.

Office of the Presiding Disciplinary Judge
of the Supreme Court of Colorado.

Oct. 28, 2003.

Opinion Issued by Presiding Disciplinary
Judge ROGER L. KEITHLEY and Hearing
Board Members MELINDA M. HARPER, a
representative of the public, and JOHN E.
HAYES, a member of the bar.

**OPINION AND ORDER READMITTING
TIMOTHY BULLOCK TO THE
PRACTICE OF LAW**

*ATTORNEY READMITTED TO THE
PRACTICE OF LAW*

On August 29, 2003, a Readmission Hearing was held pursuant to C.R.C.P. 251.29(a) before a Hearing Board consisting of the Presiding Disciplinary Judge ("PDJ") and two Hearing Board members, John E. Hayes, a member of the bar, and Melinda M. Harper, a representative of the public. Jeffrey S. Pagliuca appeared on behalf of petitioner Timothy A. Bullock ("Bullock") who was also present. James C. Coyle, Deputy Regulation Counsel, represented the People of the State of Colorado (the "People").

At the Readmission Hearing, Bullock testified on his own behalf. The Hearing Board considered the Stipulation and Agreement Concerning Petition for Reinstatement After Discipline (the "Stipulation") filed by the parties on August 20, 2003.[1] The Hearing Board considered the argument of counsel, assessed Bullock's credibility, considered his testimony and the Stipulation, and made the following findings of fact which were established by clear and convincing evidence.

## I. FINDINGS OF FACT

Timothy A. Bullock has taken the oath of admission, was admitted to the Bar of the Supreme Court on May 9, 1991, and was registered under attorney registration number 20377.

By Order dated October 24, 1994, the Supreme Court disbarred Bullock based on a Conditional Admission of Misconduct submitted by the parties agreeing to the sanction of disbarment.[2] Petitioner's disbarment arose from his representation of a client on a *pro bono* basis during the first year of his having been licensed to practice law.

On June 25, 1992, Bullock's client was found guilty of criminally negligent child abuse, a class 4 felony, and was sentenced to six years in the Colorado Department of

---

1. Upon the parties' motion, the PDJ took judicial notice of the Stipulation.

2. Bullock was immediately suspended by Order of the Supreme Court on May 20, 1994 for the same facts giving rise to the disbarment.

Corrections. In post-conviction proceedings,[3] Bullock's prior client was granted a new trial based on ineffective representation at trial. The prior client then accepted a plea bargain, pled guilty to the class 4 felony of criminally negligent child abuse, and was sentenced to four years in community corrections at the Alpha Center in Denver.

In June 1993, the client escaped from the Alpha Center. Knowing that the client was an escapee and a fugitive from justice, Bullock aided the client in his escape by arranging to supply the client with money. Bullock was subsequently indicted on three counts of aiding an escape, § 18–8–201(5), 8B C.R.S. (1986), a class 3 felony. Under a plea agreement, Bullock pled guilty to, and was convicted of, one count of felony aiding an escape, § 18–8–201(5), 8B C.R.S. (1994 Cum.Supp.) and one count of misdemeanor aiding an escape, § 18–8–201(6), a class 1 misdemeanor. Bullock admitted in the Conditional Admission of Misconduct that his conduct violated C.R.C.P. 241.6(5)(any act or omission violating the criminal laws of a state or of the United States constitutes ground for lawyer discipline).[4]

As a result of the convictions, Bullock was sentenced to probation on both the deferred judgment and misdemeanor. He successfully completed the deferred judgment, and the felony conviction was withdrawn and dismissed. Bullock completed one hundred and fifty-six hours of community service. The conviction and disbarment radically changed his life.

More than eight years have passed since the effective date of the Order of Disbarment. See C.R.C.P. 251.29(a)(stating that a disbarred attorney may not apply for readmission until at least eight years after the effective date of the order of disbarment). Bullock sat for and successfully passed the February 2003 Colorado Bar Exam. He sat for and passed the Multistate Professional Responsibility Exam on August 9, 2002. See C.R.C.P. 251.29(a). Bullock has taken Continuing Legal Education courses in Colorado and Tennessee totaling in excess of 60 hours

of general credits and 18.5 hours of ethics within the last three years.

Bullock has been employed for the last year as a law clerk with the law firm of Todd & Dossett, P.C. in Kingsport, Tennessee. Both supervising attorneys, Mr. Todd and Mr. Dossett, have confirmed that Bullock is of sound character. They also confirmed that Bullock has been an exceptional employee, is hard working, loyal and trustworthy and would be an excellent lawyer. Bullock currently resides in Tennessee. He has obtained four different licenses/certifications all of which have some legal requirement of proof of good character, including: a Florida Real Estate License; a Florida Mortgage Brokers License; a USCG Merchant Marine Captain's License, and a NFL Players Agent Certification. Bullock is currently enrolled in science courses which will eventually qualify him to sit for the Patent Bar Exam in approximately one year. Bullock has remained informed in the areas of law in which he hopes to practice by reading current legal publications.

At the time of his representation of the criminal defendant, Bullock had been admitted to the bar in Colorado for less than one year. It was his nature at that time to become over-involved with his clients and attempt to fix problems for others, leading to a blurring of boundaries. Bullock arranged to provide funds to the prior client after learning that he had unlawfully left the correctional facility. Bullock did so based on the prior client's representation that he needed funds to provide bus fare to his son to return home. Bullock believed the prior client and provided the funds. He did so because he felt guilty about the outcome of the proceeding as a result of his representation. He had grown close to the prior client's family and particularly to the prior client's son. Bullock described the conviction as an "atomic bomb" in his life.

In the past ten years, through work, self-examination, and personal growth, Bullock has demonstrated that he has learned from his mistake and fundamentally changed his

---

3. Bullock's prior client was represented by new counsel during the post-conviction proceedings.

4. C.R.C.P. 241.6(5) was replaced by C.R.C.P. 251.5(b) effective January 1, 1999.

approach to relationships with others. Bullock understands the need to enforce personal and professional boundaries and the importance of these boundaries in a professional relationship. He has maintained his marriage of nineteen years. Individuals who are familiar with Bullock believe he is trustworthy, loyal and competent. He has been an active member of his church and supporter of charitable events in his community.

Bullock has accepted full responsibility for his actions. He recognizes the seriousness of his previous misconduct. Bullock has been candid and remorseful about the circumstances that resulted in the disbarment.

Bullock has complied with all past orders and disciplinary orders; he paid the $49.25 in costs required pursuant to the Supreme Court's Order of disbarment. He paid the $1,240 he was ordered to pay in the criminal proceeding.

## II. CONCLUSIONS OF LAW

C.R.C.P. 251.29(a) provides in relevant part:

Readmission After Disbarment. A disbarred attorney may not apply for readmission until at least eight years after the effective date of the order of disbarment. To be eligible for readmission the attorney must demonstrate the attorney's fitness to practice law and professional competence, and must successfully complete the written examination for admission to the Bar. The attorney must file a petition for readmission, properly verified, with the Presiding Disciplinary Judge, and furnish a copy to the Regulation Counsel ... the attorney ... must demonstrate by clear and convincing evidence the attorney's rehabilitation and full compliance with all applicable disciplinary orders and with all provisions of this Chapter.

C.R.C.P. 251.29(c) further provides in part: The petition for reinstatement must set forth:

(3) The facts other than passage of time and absence of additional misconduct upon which the petitioning attorney relies to establish that the attorney possesses all of the qualifications required of applicants for admission to the Bar of Colorado, fully considering the previous disciplinary action taken against the attorney;

(4) Evidence of compliance with all applicable disciplinary orders and with all provisions of this Chapter regarding actions required of suspended lawyers;

(5) Evidence of efforts to maintain professional competence through continuing legal education or otherwise during the period of suspension; and

(6) A statement of restitution made as ordered to any persons and the Colorado Attorneys' Fund for Client Protection and the source and amount of funds used to make restitution.

*People v. Klein,* 756 P.2d 1013, 1016 (Colo. 1988), interprets the language of the prior readmission rule, C.R.C.P. 241.22, and sets forth criteria which must be considered in readmission proceedings in order to evaluate an attorney's rehabilitation. *Klein* requires:

[A]ny determination of that issue [rehabilitation] must include consideration of numerous factors bearing on the [petitioner's] state of mind and ability, such as character, conduct since the imposition of the original discipline, professional competence, candor and sincerity, recommendations of other witnesses, present business pursuits of the [petitioner], the personal and community service aspects of the [petitioner's] life, and the [petitioner's] recognition of the seriousness of his previous misconduct.

Under the factors set forth in *Klein,* 756 P.2d at 1016, the Hearing Board finds that Bullock established by clear and convincing evidence that he is rehabilitated. Bullock has established his professional competence by passing the Colorado Bar Exam and the Multistate Professional Responsibility Exam. He has been employed as a law clerk with a firm in Tennessee and has garnered the respect from his supervising attorneys, both with regard to the quality of his work and his good character. In addition to his work in the field of law, he has taken appropriate steps to remain current with the law, having met and surpassed the required number of credits of Continuing Legal Education courses in Colorado. He has also kept

abreast of the current law by reading legal periodicals.

Bullock demonstrated with candor and sincerity that he has given a great deal of careful thought over the last nine years to his conduct which gave rise to the disbarment. He accepts complete responsibility for his error in judgment. He recognizes the seriousness of his previous misconduct.

Bullock has established that he is of good moral character. He has maintained a stable relationship with his wife and is active in his community. Bullock has established that future similar misconduct is unlikely. Bullock fully complied with the terms and conditions of the criminal matters and fully complied with all disciplinary orders and the requirements of C.R.C.P. 251.29.

The People stipulate that Bullock has demonstrated rehabilitation, professional competence and compliance with all disciplinary orders. The People further stipulated to Bullock's readmission to the practice of law in Colorado. The evidence having established by a clear and convincing standard that Bullock has been rehabilitated, the Hearing Board herein Orders that Bullock shall be readmitted to the practice of law.

### III. ORDER OF REINSTATEMENT

IT IS THEREFORE ORDERED:

1. TIMOTHY A. BULLOCK is READMITTED to the practice of law effective upon the satisfaction of the following conditions:

   A. Payment of all necessary Attorney Registration fees and completion of all necessary forms required by the Colorado Office of Attorney Registration; and

   B. Taking of the Oath of Admission before an appropriate judicial officer.

2. Bullock shall pay costs of the readmission proceeding. The People shall file a Statement of Costs within fifteen (15) days of the date of this Order; Bullock shall have ten (10) days thereafter to file a Response;

3. Bullock shall be assigned a new attorney registration number.