81 P.3d 377 (2003)
Richard J. GOFF, Petitioner,
v.
The PEOPLE of the State of Colorado, Respondent.
No. 03PDJ049.
Office of the Presiding Disciplinary Judge of the Supreme Court of Colorado.
December 17, 2003.
Opinion by a Hearing Board consisting of the Presiding Disciplinary Judge ROGER L. KEITHLEY and Hearing Board members CORINNE MARTINEZ-CASIAS and J.D. SNODGRASS, both members of the bar.

OPINION AND ORDER REINSTATING RICHARD J. GOFF'S LICENSE TO PRACTICE LAW

Attorney Reinstated to the Practice of Law
This reinstatement hearing was heard on October 28, 2003, pursuant to C.R.C.P. 251.29(b) and (c) before the Presiding Disciplinary Judge ("PDJ") and Corinne Martinez-Casias and J.D. Snodgrass, both members of the bar. Nancy L. Cohen, Chief Deputy Regulation Counsel, represented the People of the State of Colorado (the "People") and Richard J, Goff ("Goff") appeared pro se. Testimony was received from Rex H. McGehee, M.D., John Scherling, Jack Pernitz and Goff. Exhibits 1 through 15 were introduced into evidence. The People did not object to Goff's reinstatement and acknowledged that he had met his burden of proof on each element necessary for reinstatement.

I. FINDINGS OF FACT
The Hearing Board made the following findings of fact by clear and convincing evidence:
Richard J. Goff has taken the oath of admission and was admitted to the bar of this court on May 16, 1990 and is registered as an attorney upon the official records of this court, attorney registration number 19348. He is subject to the jurisdiction of this court pursuant to C.R.C.P. 251.1(b). Goff was suspended from the practice of law effective October 11, 1999 by Order of the PDJ. The Order approved a Stipulation and Agreement Containing the Respondent's Conditional Admission of Misconduct ("Conditional Admission"), pursuant to which the People and Goff agreed to a six-month suspension with conditions. One of the express conditions was the requirement that Goff undergo a reinstatement proceeding. In addition, Goff was ordered to pay the costs of the disciplinary proceeding, which he paid in a timely fashion. Goff gave notice to his clients of his suspension *378 in accordance with C.R.C.P. 251.28(b), notice to opposing parties in litigation pursuant to C.R.C.P. 251.28(c) and filed the requisite affidavit under C.R.C.P. 251.28(d).
On May 17, 2000, Goff's first reinstatement hearing was conducted. The Hearing Board in that proceeding issued its decision denying reinstatement on August 4, 2000. See Goff v. People, 35 P.3d 487 (Colo.O.P.D.J.2000). That decision sets forth Goff's disciplinary history and will not be repeated here.
In August 2002, Goff again applied for reinstatement. On October 6, 2002, a reinstatement hearing commenced before another Hearing Board. Prior to the conclusion of Goff's presentation of evidence, Goff moved to withdraw his Petition for Reinstatement. The People did not object and the PDJ granted Goff's motion to withdraw the petition.
On July 10, 2003, Goff filed the present Petition for Reinstatement.
Prior to October 2002, Goff entered therapy with Maureen McKenzie, L.C.S.W., for depression. In addition, Goff was under the care of Rex H. McGehee, M.D., a psychiatrist. Eventually, Dr. McGehee diagnosed Goff as suffering from Bi-Polar Disorder and prescribed appropriate medication. After a significant period of medication adjustment, Goff's Bi-Polar Disorder and depression are under control.
During the year immediately preceding this reinstatement hearing, Goff made dramatic improvement. The report of Gregory A. Wilets, M.D., the People's independent medical evaluator states:
In fact, in my twenty-two years of practicing psychiatry, [Goff's] overall change in presentation over the last year has been one of the more remarkable changes that I have witnessed in my practice in this relatively short period of time.
More precisely, Mr. Goff's narcissism has been confronted and he has been humbled, and with much contrition has realized that there are limits to what he can do. Germane to his history of abusing the legal system, he is able to acknowledge that in the past he was "Way out of line," and needed to be reeled in and controlled .... [h]e now sees these attitudes as being entirely dysfunctional and unacceptable behaviors.
No longer does he see [others] as the source of his professional problems, but now appropriately sees himself as the source of the disciplinary action taken against him ... [r]ather than externalize his previous dysfunction, he now takes ownership of his improper behavior.
Dr. McGehee concurred with Dr. Wilets conclusions. The medical control of Goff's Bi-Polar Disorder and depression now allows Goff to exercise appropriate personal and professional judgment. Goff's need for appropriate medication will likely be life long in duration.
Goff has maintained competence in the law. Since 2000, Goff has completed 47 hours of Continuing Legal Education and has worked as a paralegal under the supervision of an attorney preparing pleadings and conducting legal research.

II. CONCLUSIONS OF LAW
The reinstatement process begins with the submission of a Verified Petition for Reinstatement. C.R.C.P. 251.29(c) requires that the attorney's Petition for Reinstatement set forth, in part:
(3) The facts other than passage of time and absence of additional misconduct upon which the petitioning attorney relies to establish that the attorney possesses all of the qualifications required of applicants for admission to the Bar of Colorado, fully considering the previous disciplinary action taken against the attorney;
(4) Evidence of compliance with all applicable disciplinary orders and with all provisions of this Chapter regarding actions required of suspended attorneys;
(5) Evidence of efforts to maintain professional competence through continuing legal education or otherwise during the period of suspension.
The attorney seeking reinstatement must establish the three elements set forth in the rule by clear and convincing evidence. See C.R.C.P. 251.29(d). C.R.C.P. 251.29(b) sets forth the test which must be met during a *379 reinstatement proceeding in order to authorize reinstatement to the practice of law. It provides, in relevant part:
An attorney who has been suspended ... must file a petition with the Presiding Disciplinary Judge for reinstatement and must prove by clear and convincing evidence that the attorney has been rehabilitated, has complied with all applicable disciplinary orders and with all provisions of this chapter, and is fit to practice law.
Thus, an attorney who has been suspended from the practice of law must bear the burden of proving that he or she is: (1) rehabilitated; (2) has complied with all applicable disciplinary orders and all provisions of the Colorado Rules of Civil Procedure relating to attorney discipline regarding actions required of suspended attorneys, and (3) is fit to practice law. All three of the elements of proof must be established before reinstatement may be authorized.
People v. Klein, 756 P.2d 1013, 1016 (Colo. 1988) interprets the language of the prior reinstatement rule, C.R.C.P. 241.22, and sets forth criteria which must be considered in reinstatement proceedings in order to evaluate an attorney's rehabilitation. Klein requires:
[A]ny determination of that issue [rehabilitation] must include consideration of numerous factors bearing on the respondent's state of mind and ability, such as character, conduct since the imposition of the original discipline, professional competence, candor and sincerity, recommendations of other witnesses, present business pursuits of the respondent, the personal and community service aspects of the respondent's life, and the respondent's recognition of the seriousness of his previous misconduct.
Goff has established that during the period of his suspension he has undergone a fundamental change in character. Due in part to both his medical treatment and his recognition of the seriousness of his prior misconduct, Goff is a very different person than the one who engaged in the original misconduct or appeared before the prior reinstatement Hearing Boards. Goff has demonstrated rehabilitation and fitness to practice law as required by C.R.C.P. 251.29.[1]
The Hearing Board is required to protect the public interest in allowing Goff to resume the practice of law. The evidence presented in this proceeding was uncontroverted that Goff's rehabilitation, and in particular, his ability to exercise informed judgment, is dependent upon proper medical management. Indeed, Goff acknowledged that proper medical management of his condition will likely be a life long undertaking. Accordingly, the Hearing Board concludes that the imposition of conditions pursuant to C.R.C.P. 251.29(e) is appropriate in authorizing Goff to resume the practice of law.

III. ORDER OF REINSTATEMENT
It is therefore ORDERED:
1. RICHARD J. GOFF is reinstated to the practice of law effective immediately, and subject to the following condition:
2. Richard J. Goff will continue to receive medical treatment for his mental condition, shall comply with all recommendations of his treating medical providers and shall take all medications as prescribed so long as required by the treating medical professionals.
3. Richard J. Goff shall pay the costs of this proceeding. The People shall submit a Statement of Costs within fifteen days of the date of this Order. Goff shall have ten days thereafter to submit a response thereto.
NOTES
[1] The parties stipulated that Goff has complied with all applicable disciplinary orders and all provisions of the Colorado Rules of Civil Procedure relating to attorney discipline.