Attorney Regulation. Daniel F. Boyle, attorney registration no. 07152, was reinstated to the practice of law following a full reinstatement proceeding.

Opinion issued by a Hearing Board consisting of the Presiding Disciplinary Judge, WILLIAM R. LUCERO, and the Hearing Board members, WILLIAM R. GRAY, Esq. and KATHLEEN M. O'BRIEN, Esq. both members of the bar.

## OPINION AND ORDER OF REINSTATEMENT

### Daniel F. BOYLE, Petitioner

v.

### The PEOPLE of the State of Colorado, Respondent.

### No. 02PDJ067.

Office of the Presiding Disciplinary Judge of the Supreme Court of Colorado.

June 16, 2004.

### *ATTORNEY REINSTATED TO THE PRACTICE OF LAW*

On May 12, 2004, the second part of a Reinstatement Hearing was held pursuant to C.R.C.P. 251.29 before a Hearing Board consisting of the Presiding Disciplinary Judge, William R. Lucero, and two hearing panel members, William R. Gray and Kathleen M. O'Brien, both members of the bar. Alexander R. Rothrock and F.J. "Rick" Dindinger, II appeared on behalf of the Petitioner, Daniel Falk Boyle ("Boyle"). James S. Sudler, Assistant Attorney Regulation Counsel, appeared on behalf of the People of the State of Colorado (the "People").

The parties conducted the first part of the Reinstatement Hearing on January 28, 2003. At that point, F. Michael Ludwig represented Boyle and Debora D. Jones represented the People. The first Hearing Board was

composed of William R. Gray, acting as the Presiding Officer; Kathleen O'Brien, and Russell Murray III. The following individuals testified on behalf of Boyle: A. Edgar Benton, Ken Eichner, and Robert Pelc, Ph.D. Boyle also testified on his own behalf. Boyle's Supplemental Exhibits 1 through 4 were admitted into evidence.

Prior to the second part of the Reinstatement Hearing on May 12, 2004, the Hearing Board reviewed the transcript of the first hearing. In a Notice and Order dated March 9, 2004, the PDJ notified the Parties that he would serve as presiding officer for the second part of the hearing along with William Gray, the presiding officer at the earlier hearing, and Ms. O'Brien, who also served on the January 2003 Hearing Board. The Parties did not object to proceeding in this fashion. The PDJ ordered the Parties to file a brief to assist the board members at the May 2004 hearing.

The Hearing Board considered the testimony, admitted exhibits, and the Joint Trial Brief dated January 22, 2003. The Hearing Board also evaluated the credibility of the witnesses; including the credibility of Respondent Boyle, and ultimately decided in favor of granting Boyle's Petition for Reinstatement. In reaching this decision, the Hearing Board made the following findings of fact, which were established by clear and convincing evidence.

## I. FINDINGS

Daniel F. Boyle took the oath of admission and was admitted to the bar of the State of Colorado on May 17, 1976. Following a Stipulation, Agreement, and Conditional Admission of Misconduct filed on June 19, 1997, the Supreme Court of Colorado suspended Mr. Boyle for a two-year period on August 4, 1997. *People v. Boyle*, 942 P.2d 1199 (Colo. 1997).

Prior to his suspension, Boyle's practice emphasized immigration law. He enjoyed moderate success and a growing clientele. In the late 1980s and early 1990s, Boyle admittedly began to engage in certain misconduct in the labor certification process segment of his immigration practice. This misconduct, described in more detail below, included dishonesty, fraud, deceit, and misrepresentation. Boyle testified that the factors contributing to his misconduct included the following:

- He valued money more than his own integrity.
- He lived by the mistaken and misguided belief that the ends justify the means.
- He rationalized his actions to the point of suppressing his own cognitive understanding that the actions were wrongful, though his actions were clearly unethical. (Supplemental Exhibit 4, pp. 26–27.)

In 1989, Boyle failed to adequately prepare for an asylum petition. As a result, the immigration judge denied asylum to his client, Mohammad Rachid.

In December 1991, Boyle instructed his clients, Trevor and Valerie Sewell, to enter the country on a B–1 visitor's visa even though Boyle knew that Mr. Sewell intended to obtain employment in the U.S. and was not, therefore, eligible for a B–1 visa. In 1997, Boyle pleaded guilty to a misdemeanor offense under 8 U.S.C. § 1325(a) and 18 U.S.C. § 2 stemming from this conduct. At the Reinstatement Hearing, Boyle acknowledged that his instructions to the Sewells were improper and fraudulent, not mere exaggeration or posturing. Mr. Boyle also indicated his commitment to follow the rule of the law in the future even if he might personally disagree with such laws.

In June 1992, Boyle falsified a labor certification on behalf of one of his clients, Dalia Vardy. Specifically, Boyle indicated on the form that Ms. Vardy had been employed for one year when he knew she had only performed three months of volunteer services. At the Reinstatement Hearing, Boyle demonstrated his recognition of the seriousness of this false and misleading statement, as well as the other unethical conduct that led to his suspension.

In November 1992, Boyle again falsified a labor certification application on behalf of another client, Ademar Shoji. Boyle stated on the application that Mr. Shoji's visa had expired even though Boyle knew that his client never had a visa. In addition, Boyle

represented in the application that a certain employment position existed when it did not. At the Reinstatement Hearing, Boyle testified convincingly that he would not engage in such behavior in the future.

In June 1995, Boyle incompetently represented a Kosovar Albanian, Xheladin Kryeziu, at an asylum hearing. As a result, the INS returned Mr. Kryeziu to Albania.

Since his suspension, Boyle has been involved in several charitable and community service activities. He has been actively involved with his children's academic and sports activities, served as a Cub Scout leader, and volunteered at his children's schools. He and his family also volunteer in charitable activities through their church.

Boyle was candid and open in discussing the character flaws that led to his suspension. He demonstrated an appreciation for the wrongfulness of his conduct and accepted responsibility for his actions. He also expressed remorse for the harm he caused his clients and the legal profession, as well as the pain he caused his wife and family.

Boyle's treating psychologist, Robert E. Pelc, testified about his thirty-three therapy sessions with Boyle. Dr. Pelc testified that, during his treatment of Mr. Boyle, they focused at length on the precise conduct that led to Boyle's suspension, as well as on character traits and circumstances contributing to that conduct. Dr. Pelc also testified that, as a result of that therapy and insight, coupled with Mr. Boyle's great motivation to avoid even the appearance of impropriety because of the importance he attaches to being a good role model for his children, who were born after the events leading to this suspension, Boyle has developed an understanding and appreciation of these causes and has accepted full responsibility for his unethical behavior. Dr. Pelc also testified that, while he cannot guarantee Boyle's future behavior, it is his professional opinion that Boyle will refrain in the future from conduct involving any unethical conduct.

## II. ANALYSIS UNDER
## C.R.C.P. 251.29(b)

An attorney seeking reinstatement following a suspension "must prove by clear and convincing evidence that the attorney has been rehabilitated, has complied with all applicable disciplinary orders and with all provisions of this chapter [Discipline and Disability], and is fit to practice law." C.R.C.P. 251.29(b).

The Supreme Court in *People v. Klein,* 756 P.2d 1013 (Colo.1988), set forth the criteria that a Hearing Board must consider in reinstatement proceedings to determine whether an attorney is rehabilitated. *Klein* provides:

[A]ny determination of that issue [rehabilitation] must include consideration of numerous factors bearing on the respondent's state of mind and ability, such as character, conduct since the imposition of the original discipline, professional competence, candor and sincerity, recommendations of other witnesses, present business pursuits of the respondent, the personal and community service aspects of the respondent's life, and the respondent's recognition of the seriousness of his previous misconduct.

*Id.* at 1016.

The parties stipulated that Boyle complied with all applicable orders and all of the provisions of the Colorado Rules of Civil Procedure regarding suspended lawyers. The parties agree that Boyle is fit to practice law and professionally competent to do so. Regulation counsel stated at the hearing that Boyle has met the basic requirements for reinstatement.

Boyle has established proficiency in the law while working under the supervision of licensed attorneys since the time of his suspension. He has remained current in the law by attending Continuing Legal Education seminars, reading legal journals, and listening to tapes of legal seminars. *See* Supplemental Exhibits 2 and 3. Boyle also prepared a scholarly article about the labor certification process and his misconduct in this context. This article entailed significant research and analysis. *See* Supplemental Exhibit 4.

Boyle demonstrated by clear and convincing evidence that he has undergone a "fundamental" character change. *See, e.g.,* Supple-

mental Exhibits 1 and 4. He acknowledges the wrongfulness of his conduct and demonstrates genuine remorse for his misconduct, as described above. He accepts responsibility for his actions and does not blame others for his conduct or the consequences stemming from that conduct.

The Hearing Board orders that Boyle shall be reinstated to the practice of law, Boyle having established by a clear and convincing standard his compliance with all past orders of court, his fitness to practice law, and his rehabilitation.

### III. ORDER OF REINSTATEMENT

It is, therefore, ORDERED:

DANIEL F. BOYLE, attorney registration number 07152, is reinstated to the practice of law effective immediately. *Nunc pro tunc,* the 13th day of May, 2004. Boyle shall pay all costs of this reinstatement proceeding. The People shall file a Statement of Costs within fifteen (15) days of the date of this Order; Petitioner shall have ten (10) days in which to file a response.